BOWEN *against* E. CROSS, impleaded with L. CROSS.

Where there is a clear mistake in an answer, and proper to be corrected, the practice is to permit the defendant to file an additional or *supplemental* answer.

But this is allowed with great caution; and only where there is a mistake, properly speaking, as to a matter of fact.

THE defendant filed his answer on the 13th of *December*, 1819. In *January* term, 1820, he moved to dissolve the injunction heretofore issued in this cause, on the ground that the answer denied the equity of the bill. The motion was overruled.

*April 14th.*

*Cushman,* for the defendant, now moved for leave to file a supplementary answer, or affidavit of the solicitor, that an account containing the *items,* or particular charges of the debt alleged to have been due from *Lyman Cross,* to this defendant, in *June,* 1818, was handed to the solicitor at the time of drawing the answer, and that the solicitor omitted to attach it to the answer, from a belief that it was unnecessary; and the answer only stated that *Lyman Cross* was justly indebted to this defendant in 1,121 dollars and 49 cents, without stating particulars, or referring to the account. And further, that the words *or in favour of B. M.* were omitted by him in drawing the answer, by mistake, and that he did not discover the omission until after the answer was filed.

*J. L. Wendell,* contra.

THE CHANCELLOR. The former practice in the *English* Chancery was, that where there was a clear mistake, proper to be corrected, the answer was taken off the file, and a new

answer put in.   But Lord *Thurlow* adopted a better course, by permitting a supplemental or additional answer to be filed, thereby leaving to the parties the effect of what had been sworn before, with the explanation given by the supplemental answer.   The latter is the settled course now pursued in the *English* Equity Courts, (8 *Ves.* 79.   10 *Ves.* 285. 401.   1 *Wightwick,* 32.   3 *Price,* 83.) and it is the safer and wiser practice.   But to obtain this permission, said Lord *Eldon,* (10 *Ves.* 402.) the defendant must state, by affidavit, that when he put in his answer, he did not know the circumstance upon which he applies, or any other circumstances upon which he ought to have stated the fact otherwise.   In the subsequent case of *Livesey* v. *Wilson,* (1 *Ves. & Beam.,* 149.) Lord *Eldon* showed the great caution with which these amendments to an answer ought to be allowed.   In that case, the defendant moved for leave to file a supplemental answer, upon affidavit, as to a mistake in a material point, and that it arose from his not stating the fact to his solicitor, or conceiving it at all material to be introduced into his answer, and that the omission was not by design, but arose purely through ignorance.   The motion was, however, denied, on the ground that there was not the *mistake* of a fact, and that it was necessary for the defendant to have stated in his affidavit, that he meant to swear to his original answer in the sense he then desired to be at liberty to swear to.   In subsequent cases, (2 *Ves. & Beam.,* 163. 256.) the Chancellor said, that the supplemental answer *must be held strictly to a mistake clearly sworn to,* and that " the Court did not yield to such an application without the most careful examination," and that an additional answer was always admitted with great difficulty, if prejudicial to the plaintiff.   So, it has been held in the *Exchequer,* that an amendment is only allowed where a mistake has been made, in the true sense of the word, and not where a defendant has mistaken the nature of his defence.   (1 *Fowler's Exch. Prac.* 390.)

The cases, both ancient and modern, in which the answer has been permitted to be amended, are generally those of mistake or surprise ; (*Chute* v. *Dacre*, 1 *Ch. Cas.* 29. *Mullins* v. *Simmonds*, *Bunb.* 186. *Ely* v. *James*, *Bunb.* 295. *Gainsborough* v. *Gifford*, 2 *P. Wms.* 424. *Foster* v. *Foster*, 2 *Bro.* 619.) and, sometimes, it has been allowed where new matter had been discovered since the original answer was put in. (*Patterson* v. *Slaughter*, *Dickens*, 285.) A new fact has, likewise, been permitted to be added to the answer, under special circumstances ; (*Wharton* v. *Wharton*, 2 *Atk.* 294.) and, in some cases, a dangerous admission of assets in an answer has been allowed to be restricted. (*Dagley* v. *Crump*, *Dickens*, 35. 2 *Bro.* 619, note. *Roberts* v. *Roberts*, cited in 1 *Fowler's Ex. Pr.* 390.) There is no precise and absolute rule on this subject ; the question, as Lord *Eldon* said, is always applied to the discretion of the Court, in the particular instance. It has been allowed, after issue joined, on payment of costs of opposing the application, and withdrawing the replication. (*Fowler's Ex. Pr.* vol. i. 383—5.)

There can be no doubt that the application ought to be narrowly and closely inspected, and a just and necessary case clearly made out. In the present case, the defendant moves to make sundry amendments, but there is no ground for the indulgence, except as to the mistake sworn to have arisen on the ingrossment of the answer, and not discovered until after it was filed, and as to the omission of the solicitor to make the schedule referred to in his affidavit, a substantive part of the answer. The defendant handed the document to the solicitor when he was to prepare the answer; and, no doubt, it was his intention that it should have been used in a way the most fit and proper for his defence. The omission to annex it may be imputed to a mistake in the solicitor ; and, after some hesitation, I am inclined to permit a supplemental answer to be filed in respect to those two omis-

sions, *and as to them only.* In *Bryan* v. *Truman*, cited in
1 *Fowler's Ex. Pr.* 389. an answer was amended by annex-
ing schedules therein referred to, and re-swearing to the
same. This, seems to be a case very considerably in point.
I shall allow to the plaintiff his costs for resisting this appli-
cation, and direct that the defendant furnish him with an
office copy of the supplementary answer *gratis*, and that
the plaintiff have the usual time to except thereto. The al-
lowance of costs is agreeable to the order in several cases,
on the equity side of the *Exchequer*, cited in 1 *Fowler's Ex.
Pr.* 383—8.

Order accordingly.