## THE WESTERN RESERVE BANK vs. STRYKER
### and others.

An answer will not be allowed to be amended or a supplemental answer to correct an error in the original answer, to be filed, except with great caution.

When a supplemental answer, to correct an error, is allowed, it is always upon equitable terms, as to costs, and furnishing copies gratis.

An answer containing mere clerical or accidental mistakes, may be amended by supplemental answer; and so when matters have arisen or come to the knowledge of the defendant after the first answer has been put in.

When an answer is amended or a supplemental answer is put in, the old answer must remain on file as it was originally put in.

An application from a defendant to amend his answer or to file a supplemental answer, so as to change the whole grounds of his defence set up in the first answer, will not be entertained.

Henry K. Smith, one of the defendants in this suit, and a counsellor in this court, presented his petition for leave to amend the answer put in by him in this cause. The petition states in substance, that this suit is instituted to foreclose a mortgage executed by the petitioner and others, to Hiram Pratt, now deceased—that the petitioner is the only defendant who has appeared and answered—that in his answer he insists, as a defence, upon the fraudulent representations of Pratt, as to the title of the mortgaged premises—and that the mortgage was assigned to the complainants in payment of a precedent debt due from Pratt to the complainants—that a replication is filed to said answer, but no proofs taken. The petition further states, that the petitioner has recently discovered that the bond and mortgage were assigned to the complainants upon a consideration which he deems renders it void, as in violation of the usury laws, and restraining law of this state—and that the administrators of Pratt, have informed him, that they intend to file a bill against the complainants to get possession of the said bond and mortgage, and prays that his answer may be amended, by striking out the statement of the assignment of the bond and mortgage, as therein stated, and inserting a statement of the facts set forth in the petition, as constituting a violation of the usury and restraing laws.

*C. B. Lord*, Contra.

The Vice Chancellor. When this petition was presented, I was under the impression that there would be but little difficulty in allowing the amendment asked for upon proper terms. As it was, how-

Dec. 1840.

The Western
Res've Bank
v.
Stryker and
others.

ever, the first application of the kind made to me, it became my duty to examine the question. I find, upon such examination, that it was the former practice of the English court of Chancery, in proper cases, to permit the answer on file to be amended, but that this has been almost entirely superseded by leave to file a supplemental answer to correct any error. 1 Hoff. Ch. Pr. 241 ; 19 Vesey, 628 ; 4 Johns. Ch. Rep. 375 ; 2 Vesey and Beames, 256 ; 1 Smith's Ch. Pr. 270 ; 10 Vesey, 284, 401. I learn also, from an examination of the cases, that the court permit supplemental answers of this character to be filed with great caution and even reluctance. In Edwards vs. McLeary, 2 Vesey and Beames, 256, Lord Eldon says, " the course has " therefore been to permit an additional answer to " be filed ; always with great difficulty when an ad- " dition is to be put upon the record prejudicial to " the plaintiff; though the court would be inclined " to yield to the application, if the object was to " remove out of the plaintiff's way, the effect of a " denial, or to give him the benefit of a material ad- " mission." See also Strange vs. Collins, 2 Vesey and Beames, 163. In Curling vs. Marquis Townshend, 19 Vesey, 628, language of a similar import is used, saying in plain terms, that the court would look with great care and jealousy, before it will allow a defendant to withdraw a statement that is beneficial to the plaintiff—and in that case the application was refused. In Bowen vs. Cross, in our own court of Chancery, and almost the only case in our court ; 4 Johns. Ch. R. 375. Chancellor Kent, holds the same general doctrines, and has a condensed reference to most of the then decided cases.

Further cases may be found, and the general doc-
trine briefly summed up in 1 Smith's Chancery Prac-
tice, 269; and some cases are referred to, in 3
Equity Digest, by Barbour and Harrington, page
171; and Hoffman in his Chancery Practice, vol. 1,
page 241, has notes of several cases. From all the
authorities it appears that the court allow answers
to be amended, or supplemental answers to be filed
with great caution in every case—that it is gener-
ally granted upon payment of the costs of opposi-
tion, and requiring the defendant to furnish a copy of
the supplemental answer gratis, and give the com-
plainant the usual time to except. When there are
mere clerical or accidental mistakes, the application
is favorably received, even if it in some degree af-
fects the merits of the cause—if the affidavit is as
full as is required in Wells vs. Wood, 10 Vesey, 401.
Where the matter which is the ground of the amend-
ment has occurred, or come to the knowledge of the
defendant since the filing of his original answer, the
amendment will in proper cases be allowed.

If the fact to be added by the supplemental an-
swer, is prejudicial to the plaintiff, the application is
granted with difficulty, but if for his benefit, readily.
If the fact to be expunged from the answer, is fa-
vorable to the plaintiff, it will hardly be suffered to
be expunged. Indeed, in any event, by the present
practice, the old answer must remain on file as it
was first put in. It is said, also, that statements in
a supplemental answer, contradictory of the first
answer, will not in any event be allowed; but this
must be taken with some qualifications, as in 2 Ve-
sey and Beames, 163, and in some other cases, when
further answers were allowed, there was a contra-
diction between the new and old answers.

Dec. 1840.

The Western Res've Bank v. Stryker and others.

In the case before us, the effect of permitting the defendant to amend his original answer, or to file a supplemental answer, will be to permit him to abandon his original ground of defence, and assume an entire new ground of defence. The amendment would alter and entirely change the whole basis of the defendant's defence. His first answer sets up fraudulent representations of the mortgagee as to the title of the mortgaged premises, as the ground of defence. His proposed amendment seeks to substitute for this, the defence of usury, and a violation of the restraining laws, in the transfer of the mortgage from the mortgagee to the complainants; and it seems to me upon full examination, that to allow, in this mode, the substitution of an entire new defence, would be extending the privilege of amendment farther than it has ever yet been done, and farther than I am warranted to go by well settled principles.

It is true the defendant swears that the subject matter of this new defence came to his knowledge after filing the original answer, but this can hardly justify him in changing the position which he assumed by the first answer, so entirely as he proposes to do. The complainants have a right to use the allegations in the first answer for what they are worth.

I do not, in coming to this conclusion, put it at all upon the ground that the defence proposed to be thus set up is an unconscionable one.

It is true, as a general rule, that when a party applies to the favor of the court with a view of letting in a defence of usury, the court will not grant him the favor, unless he will first do equity, i. e. pay the amount of money actually borrowed, with simple in-

terest thereon. This is a rule upon which I under-
stand this court usually acts ; and its propriety has
been recognised by the court of errors in the case
of Beach vs. The Fulton Bank, 3 Wendell's Rep.
573.

Dec. 1840.

The Western
Res've Bank
v.
Stryker and
others.

But it does not appear to me that the facts in this
case bring it within the principle of that rule. Here
the original mortgage is untainted with usury. This
defendant does not pretend that he has suffered by
usury, or that the mortgage, when it passed from
his hands, was affected by that taint. It is not usury
practised upon him that he wishes to set up, but he
wishes to set up usury committed in the assignment
of the mortgage, which he supposes renders the title
to the mortgage void in the hands of the complainants.
He wishes, in other words, to test the question
whether the mortgage legally belongs to the com-
plainants or not, so as to protect himself from pay-
ing it twice. In this point of view, I can see no
objection to the amendment on account of the nature
of the defence proposed to be interposed.

It is upon the first ground, before mentioned, that
the motion is denied. The defendant may possibly
have a remedy by bill, in nature of a cross bill, but
his present motion is denied with costs to be taxed.