## BURGIN vs. GIBERSON and others.

1. An amendment will not be permitted to an answer after it has been sworn to and filed, except to correct a verbal or clerical mistake, or to amend or supply a formal defect. A supplemental answer must be filed, and this will be permitted even after replication, and the complainant has commenced taking evidence.

2. But leave will be granted to amend an answer only in cases where it clearly appears that the matter to which the amendment relates is material to the defence, and that the amendment is necessary to enable the defendant to bring the merits of his defence before the court.

3. Leave will be granted to file a supplemental answer for the purpose of stating a matter which the defendant had been told by counsel would ·constitute no defence, and which he did not, therefore, mention to his solicitor, who prepared the answer in ignorance of the existence of such defence. But it will be granted only on such terms as will do the complainant no injury, or create no serious delay.

---

This was a motion on part of Thomas J. Giberson, one of the defendants who had answered, for leave to amend his answer, or to file a supplemental answer; and on the part of the defendant James Giberson, to open a decree *pro confesso* entered against him, with permission to answer.

*Mr. Pancoast*, for motion.

*Mr. P. L. Voorhees*, contra.

THE CHANCELLOR.

The recent practice, both in England and this country, is not to permit an amendment to an answer after it has been sworn to and filed, except to correct a verbal or clerical mistake, or to amend or supply a formal defect, but to grant the relief applied for by permitting a supplemental answer to be filed. 1 *Daniell's Ch. Pr.* 781; *Dolder* v. *Bank of England*, 10 *Ves.* 284; *Bowen* v. *Cross*, 4 *Johns. Ch.* 375; *Vandervere* v. *Reading*, 1 *Stockt.* 446.

In this case the replication has been filed, and the complainant has commenced taking evidence, but the time for taking testimony has not yet expired. Courts of equity are reluctant to grant leave to amend an answer, and in no case grant such leave, unless it clearly appears that the matter to which the amendment relates is material to the defence, and that the amendment is necessary to enable the defendant to bring the merits of his defence before the court.

There are many decisions on the subject of granting and refusing leave to amend answers. And yet, as observed by Chancellor Kent in Bowen v. Cross, "there is no precise and absolute rule on this subject. The question, as Lord Eldon said, is always applied to 'the discretion of the court, in the particular instance. It has been allowed after issue joined, on payment of costs of opposing the application, and withdrawing the replication." Chancellor Williamson says, in Vandervere v. Reading : " There are upward of fifty authorities upon the matter of reforming answers ; and yet it will be found that the court has never been willing to go further than to permit the defendant to correct or add some single fact which had been mis-stated or omitted through mistake, fraud, or accident."

In this case the application is to insert a matter omitted to be put in the answer, which, as stated in the affidavits on which this motion is founded, may constitute a defence to this suit. It was omitted in the answer, because the defendant had been told by counsel that it would constitute no defence, and he did not, therefore, mention it to the solicitor who prepared the answer, who was, therefore, ignorant of the existence of such defence. In Nail v. Punter, 4 Sim. 474, Vice-Chancellor L. Shadwell gave leave to file a supplemental answer for the purpose of stating facts which the defendant had wished to state in his original answer, but had been prevailed upon to omit by the mistaken advice of his solicitor. This case is substantially the same, only the advice here was by other counsel, not by his solicitor. In both, the defendant was really misled by counsel. I think it is a proper case

for the discretion of the court to be exercised. It will be granted, after replication. *Jackson* v. *Parish*, 1 *Sim.* 505; 1 *Daniell's Ch. Pr.* 782; 1 *Barb. Ch. Pr.* 167.

But the leave must be granted on such terms as will do the complainant no injury, or create no serious delay. There was not time from the filing of the replication, according to the course of practice, to complete the taking of the testimony on both sides, and to set down the cause for hearing at the next term.

Leave to file a supplemental answer in twenty days will be granted. It must be confined to the matter set forth in the affidavits. The complainant must have leave to withdraw his replication; and if he does not elect to withdraw it, it shall stand as the replication to the supplemental answer. The depositions taken by the complainant must stand as proofs in the cause, and the defendant Thomas J. Giberson must pay the complainant's costs on this motion, and furnish the complainant's solicitor with a copy of the supplemental answer within five days after filing it.

The decree *pro confesso* against James Giberson will be set aside, and he will be permitted to answer upon payment of costs; his answer to be filed within twenty days, and the depositions taken to stand as evidence against him.