C. H. Cook *vs.* Robert Bee and others.

April Term, 1875.

PRACTICE—APPLICATION TO AMEND ANSWER—OATH OF DEFENDANT.—The oath of the defendant to the affidavit in support of an application to amend his answer is, except under special circumstances, indispensable; and this although the oath to the answer is expressly waived by the bill.

ANSWER—AMENDMENT WHERE OATH WAIVED BY THE BILL.—The amendment of an answer, the oath to which is dispensed with, will, as a general rule, only be allowed where a similar amendment to an answer under oath would prevail.

CASE IN JUDGMENT.—Where, to a bill alleging that the complainant and defendant were partners in the purchase and running of certain mill property, and asking for a partnership account, but waiving an answer under oath, the defendant filed an answer denying the existence of the partnership, and afterwards, and after the taking of proof tending to show an actual contract of partnership by parol, the defendant applied for leave to amend his answer so as to rely on the statute of frauds, the application was refused.

*M. W. Allen*, for complainant.

*M. M. Brien, jr.*, for defendants.

THE CHANCELLOR :—The defendant Bee moved the court to be permitted to amend his answer so as to rely upon the statute of frauds as a defence. The court declined to entertain the motion unless accompanied with an affidavit showing a sufficient reason why the defence was not inserted in the original answer. *Bowen* v. *Cross*, 4 Johns. Ch. 375; *Thomas* v. *Doub*, 1 Md. 252; *Graham* v. *Skinner*, 4 Jones Eq. 94; *McKim* v. *Thompson*, 1 Bland, 150. The defendant's solicitor thereupon filed his own affidavit. The affidavit required in such cases is obviously the affidavit of the defendant, although it may, if deemed necessary, be supplemented by that of his solicitor. The oath of the defendant cannot be dispensed with except under special circumstances. This is the rule in relation to amended and supplemental bills. *Verplanck* v. *Mercantile Ins. Co.*, 1 Edw. 47, 56; 1 Hoff. Pr. 426. And, *a fortiori*, it must be so as to answers.

The bill alleges that the complainant and defendant Bee were partners in the purchase and running of certain mill property, the successful working of which was prevented by the destruction of the mill property by fire, and asking for a partnership account, the oath to the defendant's answer being waived.

The defendant filed his answer, signed by him, on the 2d of December, 1874, denying the partnership as alleged, admitting, however, that the terms of a partnership were

agreed upon, to be reduced to writing at a future day, and upon a contingency—the sale of certain property by him—which never happened. Proof has been taken tending to show an actual contract of partnership by parol. The amendment is sought with a view to this aspect of the case. The defendant's solicitor, while insisting in his affidavit that, inasmuch as the answer denies the contract, " it is not really necessary to plead and rely on the statute of frauds," yet asks permission to plead it, out of abundant caution.

Although courts of equity are very indulgent in allowing amendments of answers in matters of form, mistake of dates, or verbal inaccuracies, it is, for obvious reasons, slow to allow material alterations in sworn answers. *Livesay* v. *Wilson*, 1 V. & B. 149 ; 1 Dan. Ch. Pr. 778, and cases cited. It is especially reluctant to listen to such applications after evidence has been taken and published. *Smith* v. *Babcock*, 3 Sumn. 583. And at such a stage of the cause as would enable the defendant to experiment with the court, so as to avoid relying at first upon an unpopular defence, such as the statute of limitations and the statute of frauds. *Cocke* v. *Evans*, 9 Yerg. 287, 295. It has never permitted a material amendment where the application has been made merely on the ground that the defendant, at the time he put in his answer, was acting under a mistake in point of law. *Rawlins* v. *Powel*, 1 P. W. 300 ; *Pearce* v. *Grove*, 3 Atk. 522. Nor when the amendment would contradict the statements in the first answer. *Greenwood* v. *Atkinson*, 4 Sim. 61. Or change the whole ground of defence. *Murdock's Case*, 2 Bland, 261 ; *Western Reserve Bank* v. *Stryker*, 1 Clarke, 380 ; *Campion* v. *Kille*, 1 McCart. 232. Unless, indeed, the object be to remove out of the plaintiff's way the effect of a denial, or to give him the benefit of an admission. *Edwards* v. *McLeay*, 2 V. & B. 256. The defendant must make such a case that it shall appear to be due to justice to permit the case already on record to be altered. *Third Av. Sav. Bank* v. *Dimock*, 9 C. E. Green, 26. Or, as it has been more strongly put, he

must show such circumstances as repel the notion of any attempt to evade the justice of the case, or to set up new and ingeniously contrived defences or subterfuges. *Smith* v. *Babcock*, 3 Sumn. 583; *Wells* v. *Woods*, 10 Ves. 401. And see *Spurrier* v. *Fitzgerald*, 6 Ves. 548; *Huffman* v. *Hummer*, 2 C. E. Green, 271.

These rules are spoken of in connection with, and as specially applicable to, answers under oath. And, certainly, the rule of amendments is more strict as to sworn pleadings than to those which are only the act or words of counsel. But the reasons upon which these rules are based are equally applicable to answers put in by the parties without oath, where the oath is dispensed with in accordance with law. Thus, the same rules which govern the amendment of answers under oath would certainly govern similar amendments of an answer of a peer in England upon honor, a Quaker upon affirmation, or a corporation under its great seal. Story Eq. Pl. § 874, 875, *a*. And Lord Eldon so held, in *Curling* v. *Marquis of Townsend*, 19 Ves. 628, where the answer was of a peer without attestation of honor. I can see no reason why these rules would not equally control where, the oath being waived under a statute, the answer is signed by the party. It is, in such case, as much the solemn averment of record of the defendant as if sworn to. See *Taylor* v. *Dodd*, 5 Ind. 246.

Tried by these rules the present application cannot be sustained. If, under any circumstances, a new defence can be allowed where the defendant, or his solicitor, in his affidavit in support, insists that it is unnecessary, it is clear that such defence should be highly meritorious, consistent with the facts stated in the original answer, and compatible with the grounds therein assumed. The defence in question is directly in conflict with the whole tenor of the first answer, and, instead of merit, has the appearance of being resorted to in order to evade the justice of the case. It would be a strange anomaly to allow, as an amendment to an answer which denies a contract, a defence which, while

still insisting upon such denial, turns entirely upon the fact. that there is a contract created by parol. A party who wishes to rely upon such incongruous defences must take care to make them at the outset. The court will certainly not aid him in making them.

The application is, therefore, disallowed.

Whether the amendment would have any, and what, effect. on the rights of the parties, it is, of course, unnecessary to determine. *Cozine* v. *Graham*, 2 Paige, 177; *Poag* v. *Sandifer*, 5 Rich. Eq. 170.