(15 App. Div. 357.)

HENTZ v. HAVEMEYER et al.

(Supreme Court, Appellate Division, First Department. March 5, 1897.)

PLEADING—AMENDMENT—LACHES.
    It is proper to refuse to permit a complaint on a contract to pay for plaintiff's services in consolidating certain business interests according to a plan known only to him to be amended so as to allege a contract to pay for plaintiff's services in effecting a consolidation irrespective of the plan, when the action has been at issue for eight years, and, four years before the application for leave to amend, the court of appeals decided that a consolidation according to plaintiff's plan was illegal.

Appeal from special term, New York county.

Action by Henry Hentz against Theodore A. Havemeyer and others to recover for plaintiff's services in effecting a combination among certain persons engaged in sugar refining. After the form of combination brought about by plaintiff was declared illegal, the combination was continued under another plan as the so-called "Sugar Trust." From an order denying plaintiff's motion for leave to amend the complaint, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

H. E. Deming, for appellant.
J. E. Parsons, for respondents.

PATTERSON, J. Motions by the plaintiff for leave to serve an amended complaint in this action have been twice made and twice denied. Notice of the first motion was given in November, 1896, and of the second, which may be considered as a renewal by permission of the court, in December, 1896. From the order entered upon the second denial this appeal is taken. The action was begun in August, 1888. The complaint was verified in December of that year, and the answer appears to have been interposed at about the same time. The cause had thus been at issue on the pleadings as originally framed for eight years, when the plaintiff sought the permission of the court to transform his suit from one for the breach of an illegal and criminal contract, upon which he could not by any possibility recover, to one upon another and different and valid contract, upon which an enforceable liability of the defendants might arise. This gross neglect in moving has not been excused. The plaintiff certainly knew what cause of action he had when his suit was begun, and the character of the averments of the complaint are such as of themselves to show that he knew precisely upon what ground he sought to charge the defendants with liability. He declares in the complaint that he was possessed of special knowledge of a particular plan to bring about a certain result, and that for divulging that plan, and the manner of executing it, and for his services in promoting a combination of business interests pursuant to it, or one similar to it, the defendants promised him a compensation, to consist of a percentage upon an allotment of the share or interest of the defendants in the combined enterprises; and it was for that percentage of the defendants' allotment under the particular plan that the action was brought. Nothing could be plainer, clearer, or more direct than the allegations of the plaintiff's complaint; but he now seeks to repudiate the whole of his cause of action as therein set forth, and to count upon one for services rendered in procuring a consolidation of business interests, without regard to and irrespective of any particular method or plan of consolidation known to or divulged by him. It is idle to say he did not know, when his suit was brought, whether his employment was special or general; and, if he did know it, and his complaint was not properly drawn, he cannot remain quiescent for years, and seek to reform it after such a great lapse of time. But we may assume that nothing transpired to call his attention to his pleading until 1890. He certainly then had reason to look to it, for he knew in June of that year that his plan had been utterly condemned by the court of appeals (24 N. E. 834), and with that condemnation fell his asserted claim against the defendants; and, if he had misstated his contract with the defendants, he should have moved then, or within a reasonable time thereafter, to correct his pleading. The court below properly held that it was too late to reconstruct the action after so many years of acquiescence in its situation, and especially so since by the plaintiff's own showing he seeks to substitute a cause of action which did not accrue until four years after this suit was brought; for it was not

until March, 1892, that the basis upon which he now claims to be entitled to compensation was finally determined, as he states in his moving affidavit. If the plaintiff has any claim under his new cause of action, it is not too late to assert it in an independent action.

The order appealed from should be affirmed, with $10 costs and disbursements.

WILLIAMS, O'BRIEN, and INGRAHAM, JJ., concur.

VAN BRUNT, P. J. I concur in the result. In the case of Donnelly v. McArdle, 43 N. Y. Supp. 560, this court has held that there is no laches where a party moves for a new trial upon the ground of surprise three years and six months after judgment; and certainly, under such a rule, no laches has been shown in this case.