## BABBITT v. GIBBS.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

ACTION ON CONTRACT—PARTIES.

G., the owner of a majority of the stock and bonds of a railroad which was under foreclosure, made a contract with W. for reorganizing the company and completing the road; providing that if W. should be unable to raise the money, within four months of the reorganization, necessary for completion of the road, his interest in the contract should cease. B., with knowledge of this contract, made an agreement with G. and W. that he should perform legal and other services for them, in connection with the reorganization and construction, till completion of the road, and that on completion thereof there should be delivered to him, as compensation for his services, a certain amount of the bonds and stock of the reorganized road. At the end of the four months W. was released from further obligation under his contract with G., being unable to perform it, and G. took control of the matter and assumed to complete the road himself. B. continued to render services under his contract, they being accepted and requested by G. On completion of the road the bonds and stocks were issued to G. *Held*, that W. was not a necessary party defendant to an action by B. for his compensation, but that it could be maintained against G. alone.

Appeal from trial term, New York county.

Action by Robert O. Babbitt against William W. Gibbs. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Benjamin F. Tracy, for appellant.
Julius F. Workum, for respondent.

RUMSEY, J. In November, 1886, the defendant was the owner of a majority of the stock and bonds of the Pennsylvania, Slatington & New England Railroad Company, which was then under foreclosure. On the 2d day of that month he made a contract with John Weir, reciting that fact, and that he was desirous of reorganizing the company and completing the road after the sale, and that he had invited Weir to join him in the enterprise, and fixing the terms upon which the reorganization should be undertaken. On the same day Gibbs and Weir, of the first part, and the plaintiff, of the second part, made a contract, reciting the agreement between Gibbs and Weir, and securing the services of the plaintiff in connection with it; it being agreed that Babbitt should perform for Gibbs and Weir such legal and other services as he might be required by them to render in connection with the reorganization and construction of the railroad, and about all matters concerning and mentioned in the agreement between Gibbs and Weir, until the completion of the road; and it was further agreed that he should promote the interests of the enterprise to the best of his ability. As his compensation therefor, it was agreed "that upon the completion of said road there shall be delivered to said Babbitt, as consideration for such services, $25,000 of the first mortgage bonds and $75,000, par value, of the stock of the said reorganized road, in full payment for the same." This action is brought against Gibbs alone to recover the value of the bonds and stock which were to be paid to Babbitt upon the completion of the road. The contract between Gibbs and Weir contains a provision to the effect that if Weir was unable to build the road, or to procure the capital necessary therefor, Weir's interest in it should cease; and it is alleged in the complaint that this contract was canceled and annulled, and that all the rights and privileges of Weir thereunder were abandoned and surrendered to the defendant, and that Weir was released and discharged from all obligations thereunder, and that the defendant, upon the annulment of the contract with Weir, assumed entire control of all matters connected with the reorganization of the company and the construction of its road, and the ownership and control of all the stocks and bonds and other interests of the company, or in the reorganized company, and was released and discharged from the obligation of sharing such stocks and bonds with Weir, and assumed and bound himself to carry out all the objections of Weir under the agreement with the plaintiff, and that the defendant undertook personally to carry out the reorganization and construction for his own benefit and in his own interest, and required of the plaintiff his professional services and advice under the agreement entered into between the plaintiff and Weir and Gibbs, and that the plaintiff performed for the defendant the services contemplated in the said agreement as he was required to do from time to time. The complaint further alleges that the railroad company was reorganized and the road was completed, and that the defendant has received and become possessed of the bonds and stock of the railroad company so reorganized in excess of the number of the bonds and stock which were to be delivered to the plaintiff. It alleges a demand and a refusal to deliver them, and asks, as damages, their value. The answer contains no general denial, but it

does deny specifically each one of the allegations of the complaint before mentioned, except the allegation that the railroad ·mentioned in the agreement was completed. · The answer also sets up, as a separate defense, the nonjoinder of Weir as a party defendant. Upon the trial the plaintiff gave evidence tending to prove the allegations of his complaint, and at the close of his case a motion was made to dismiss the complaint upon the ground that he had failed to prove that the railroad was in fact completed, and upon the further ground that Weir, the joint obligor with Gibbs in the contract, was not made a party defendant, and that the facts pleaded in the complaint as an excuse for the failure to make him a party defendant had not been proven. The complaint was dismissed, and from the judgment entered upon that dismissal this appeal is taken.

The point that the plaintiff did not prove that the railroad was completed was not pressed upon the argument, and, indeed, there was no foundation for it, because the fact of the completion of the railroad, not being denied or controverted in the answer, must be deemed to have been admitted. Code Civ. Proc. § 522. The only question presented upon this appeal is whether it was necessary to make Weir a party defendant, or whether the facts alleged in the complaint as an excuse for omitting him were sufficient for that purpose, and whether there was proof which would warrant the jury in finding these facts. In the consideration of these questions the two contracts made at the same time and in the same matter must be construed together. Babbitt v. Gibbs, 150 N. Y. 281, 44 N. E. 952. The rule which requires parties jointly liable upon a contract to be joined as defendants in an action for the breach of it cannot be questioned, but, where it is necessary to determine in any case whether a person is a necessary party defendant, the question to be decided is whether that party has at the beginning of the action any interest in the matter, or whether the relations between himself and the other defendants are such that his presence is necessary to protect their rights. Harris v. Elliott, 29 App. Div. 573, 51 N. Y. Supp. 1012; Code Civ. Proc. § 447; Railroad Co. v. Orr, 18 Wall. 475, 21 L. Ed. 810. If a person has made himself jointly liable upon a contract, he is, of course, by virtue of that fact, a necessary party defendant, unless by agreement of all the parties, or by reason of something that has occurred within the contemplation of the original contract, his obligations have ceased. The plaintiff alleges that Weir has been released from all the obligations which he assumed in respect of this contract, and that therefore he is no longer a necessary party defendant. By the terms of the contract between Gibbs and Weir it was provided that, in case they should not be able to raise the capital necessary to complete the road within four months of the time the reorganization was effected, then Weir's interests in the contract should cease. This was understood by the plaintiff, and as his contract was necessarily dependent upon, and is to be construed in connection with, that contract between Gibbs and Weir, it must be assumed that he made it with reference to the possible happening of the event by reason of which Weir should cease to be interested in the reorganization and construction of the road, and be relieved from any liability he might have under the contract.

The proof showed that during the year 1887, and after the fore-closure of the railroad, a construction company was organized. When that came to the knowledge of the plaintiff, and on the 22d of Febru-ary, 1887, he wrote to the defendant that he had heard of the organiza-tion of the construction company, and asking if it would affect his agreement with Gibbs and Weir, and whether he needed anything in the way of a ratification from that company, to which the defendant replied that the contract between himself and Weir and Gibbs needed no ratification for the present, because the construction company was organized only for the purpose of building the road, and for the owner-ship of certain connections. It was proved that, when four months had elapsed after the reorganization, Weir was released from further obligation under his contract because he was unable to perform it, and that Gibbs took over the matter himself, and proposed himself to control the building of the railroad. That fact was shown, not only by the testimony of the plaintiff, but by the testimony of the defend-ant given on the former trial. So the jury might have found that the interests of Weir ceased, and that all his rights under the contract were annulled, four months after the reorganization took place, in accordance with the terms of the contract between Gibbs and Weir, and that Gibbs took control of the matter, and assumed to complete the road himself. There was also evidence that after that time the plaintiff continued to render legal and other services in regard to the construction and reorganization of the road under the contract made by him and Gibbs and Weir, and that these services were not only ac-cepted by Gibbs, but were performed at his request. There was therefore sufficient to prove the allegations of the complaint as to the failure to make Weir a party defendant in the action, and that the facts did justify the omission seems quite clear. The contract was made with the plaintiff to secure his services with respect to the reorganization of the company and the construction of its road. The material matter—the thing which the parties had specifically in view —was the rendition of services by the plaintiff in these matters. These services were to continue until the completion of the road. Primari-ly, and unless there was some change in the conditions, Gibbs and Weir were to be liable to the plaintiff for the payment of his compen-sation; but it was known to the plaintiff that under certain circum-stances Weir's interests in the contract might be annulled, and that Gibbs alone might continue the construction of the railroad. That fact, however, made no difference with his liability to perform his serv-ices. He did not make his performance conditioned upon the contin-ued presence of Weir in the enterprise. Whatever might take place in that regard, the plaintiff was bound to perform the contract he had made, and, if he did perform it, he would undoubtedly be entitled to the compensation which was agreed to be paid to him. Weir's with-drawal in no way relieved the plaintiff from his duty to carry out his agreement to assist in the reorganization. If that occurred, the bonds and the stock of the new road would go to Gibbs instead of to Weir, and consequently no one but Gibbs would be in a situation to pay over to the plaintiff the compensation for the services which he had ren-dered. It seems clear, therefore, that when Weir withdrew from the

contract the plaintiff's right to look to him for the compensation for the services which he might render came to an end, and that Gibbs, for whom the services were thereafter personally to be rendered, and, who was entitled to have all the stocks and the bonds of the reorganized company, was the only person to whom the plaintiff could look for the compensation he was to receive. The facts set out in the complaint, therefore, and which the jury might have found, were sufficient to warrant the omission of Weir as a party defendant, and to authorize the plaintiff to maintain this action against Gibbs alone. This conclusion necessarily follows, we think, from the argument in the opinion of the court of appeals when the case was there. 150 N. Y. 281, 44 N. E. 952. This case was originally brought against Gibbs alone to obtain the specific performance of the contract, by compelling him to turn over to the plaintiff the stock and bonds which he was to receive. The question was there raised that Weir was a necessary party defendant, and the plaintiff was defeated upon the trial upon the ground that, assuming that the plaintiff had performed the agreement on his part, yet the defendant was not liable, because Weir had disappeared from the enterprise. The judgment entered upon the report of the referee was affirmed by the general term, but reversed by the court of appeals; that court holding that, although Weir had disappeared from the enterprise, yet, as it had been continued by Gibbs for his own benefit, the plaintiff was not relieved from his duties under the contract between himself and Gibbs and Weir, and that, as the defendant had the benefit of his services, there was no good reason why he should not be bound to answer for Babbitt's compensation. Although the court refused to consider whether there was any defect in the parties defendant, yet it seems to us that a consideration of the opinion of the learned judge establishes the fact that, when Weir withdrew from the enterprise and ceased to have anything to do with it, his liability ceased, and that the plaintiff, who thereafter gave his services to Gibbs alone, should look to him alone for the compensation he was entitled to receive. But there is another reason why Weir was not a necessary party to this action. The plaintiff's contract did not provide in terms that Gibbs and Weir, who were the parties of the first part, should pay him the bonds and the stocks which he was entitled to receive for his services. The words of the contract are that there should be "delivered" to him, as consideration for such services, $25,000 of bonds and $75,000, par value, of the stock. In connection with this provision must also be considered the contract between Gibbs and Weir. It appears from that agreement that, when the stocks and the bonds of the reorganized company were issued, there were to be delivered to Gibbs so many of the bonds as would be necessary to pay all the expenses, disbursements, and costs which might be incurred about the matter with respect to which the contract was made. It is alleged by the complaint that Gibbs had received and become possessed of the bonds and the stock of the railroad company in excess of the amount which was to be delivered to the plaintiff. That allegation is not denied in the answer, so that it is practically undisputed that Gibbs, who regained the sole control of the reorganization and construction of the railroad, was the only one entitled to receive the

stocks and bonds of the company, because he was the only owner, and when he received them he was the only person who could respond to the plaintiff's demand for compensation. As it was understood in the plaintiff's contract that he was to be paid by the delivery to him of certain stock and bonds, and as it appears that these securities were in the hands of Gibbs, and that Weir was not in any way entitled to them, we think that it can be said that Gibbs, in the completion of his enterprise, had come into possession of the property which, by the contract between himself and the plaintiff, the plaintiff was entitled to have, and that Weir had no interest whatever in the bonds and stock so delivered to Gibbs. That being the case, we can conceive of no reason why the plaintiff, who was entitled to receive this particular property, should not be permitted to pursue that property in the hands of the person who was required to pay it over to him, without joining any other person in the action for the bonds and stock, which Gibbs alone has, and for which he alone is responsible.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the result of the action. All concur.