### BABBITT v. GIBBS.

(Supreme Court, Appellate Division, First Department.   November 9, 1900.)

PLEADING—AMENDMENT OF ANSWER—LACHES—ADMISSIONS.
Where, in an action to recover damages for breach of contract to pay plaintiff for services in the organization and construction of a railway on completion of the road, the case had been at issue for 11 years, and defendant had never denied the allegation in the complaint that the road had been completed; and on a former hearing before a referee had requested a finding that the road was completed, and had waited 8 months after the last trial before moving to amend his answer by setting up a denial of the allegation, the motion was properly denied, by reason of the admissions and laches of defendant.

Appeal from special term.

Action by Robert O. Babbitt against William W. Gibbs. From an order granting a motion for leave to amend defendant's answer, plaintiff appeals.   Reversed.

For former appeal, see 64 N. Y. Supp. 699.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Benjamin F. Tracy, for appellant.
Julius F. Workum, for respondent.

HATCH, J.   This action was commenced in February, 1890, for the specific performance by defendant of the contract set forth in the complaint, by which the plaintiff agreed to perform for Wier and Gibbs certain services, legal and other, as might be required in and about the reorganization and construction of a railroad, until the final completion of the road, and to promote the interests of the enterprise to the best of his ability.   The defendant, Gibbs, and Wier promised, in consideration for such services, that upon the completion of the road there should be delivered to the plaintiff $25,000 of the first mortgage bonds, and $75,000 par value of the stock of the reorganized road in full payment for the service. The complaint averred full performance of the contract by plaintiff, and as the defendant failed, in his answer, to deny that the railroad had been completed, it was thereafter held that by such failure to deny he had admitted the fact.   He now asks to be permitted to amend his answer in that regard.   The issues framed by the pleadings were tried before a referee, and resulted in a dismissal of the complaint.   Upon an appeal to the general term in this department the judgment was affirmed (76 Hun, 613, 29 N. Y. Supp. 1140), but upon an appeal to the court of appeals the judgment was reversed, and a new trial granted (150 N. Y. 281, 44 N. E. 952).   Subsequently, and in pursuance of a suggestion of the court of appeals, the plaintiff obtained leave to change his prayer for relief from a demand for specific performance to a demand for money damages, and an amended complaint was served.   The answer to the amended complaint was verified by the attorney for the defendant, and, like the original answer, verified by the defendant personally, it contained no denial of the completion of the road.

An amended answer was afterwards served, and it likewise contained no denial of this fact; and on the 9th of December, 1899, the answer was again amended on stipulation so as to set up the plea of the statute of limitations. The complaint of the plaintiff was again dismissed on the ground that John Wier was a necessary party defendant. Such dismissal was reversed by this court (51 App. Div. 387, 64 N. Y. Supp. 699), and immediately thereafter the case was restored to the calendar. On the 30th day of July, 1900, the defendant moved for leave to amend the answer by inserting therein a denial of the allegation of the complaint that the road had been completed. The motion was denied for defects in the moving papers, with leave to renew within 20 days, and on the first day of the time so allowed the new motion papers were served. It appears that 11 years have elapsed since this litigation was begun, and that for at least 8 months before the making of this motion counsel for the defendant learned that the railroad had not, as now claimed, been completed. Counsel for defendant seeks to excuse his delay in making the motion for the reason that he did not learn that the railroad had not been completed until a short time prior to the last trial. But he concedes that he took no steps at that time to procure his answer to be amended, and went to trial with full knowledge of the admission and its effect, relying upon securing an amendment at the trial after the proof had been put in. If the defendant intended at that time to change the issue, it would seem, in common fairness, that he ought to have apprised his adversary of such intent, as he must then have known that the plaintiff relied upon this admission, as it was vital to his case, and it is reasonable to suppose that he would not have come to the trial prepared to meet such issue. Under such circumstances it would not have been in consonance with justice to have permitted such an amendment upon the trial, and doubtless it would not have been sustained upon an appeal had it been allowed under the circumstances detailed by the defendant. In legal effect, therefore, the defendant knew that he had admitted a fact upon which the plaintiff relied, and he deliberately chose, with such knowledge, to proceed to trial, and submit his rights to decision upon such admission; and thereafter waited for a period of nearly eight months before making his motion to amend, and over three months after the last decision of this court. The motion might, therefore, well have been denied upon the ground of laches. Dudley v. Insurance Co., 42 App. Div. 555, 59 N. Y. Supp. 668. But upon the merits this motion should have been denied. The case has been at issue for nearly 11 years, and through the various mutations which the action and pleadings have undergone during that time the defendant has uniformly and consistently admitted that the railroad was completed. In addition to this, upon the trial before the referee he submitted a request to find, and the referee found, that the railroad was completed, and this request corresponded to the fact as admitted by the answer; and, further, the defendant testified before the referee: "I think the first trains over the road on its completion were along somewhere between

the 1st of October, 1889, and the 1st of January, 1890. When Mr. Babbitt wrote to me in December, 1889, about his bonds, the road was as far completed as we intended to complete it at that time." And, further, in speaking of the value and sale of stock, the defendant testified, "These sales were about the time the road was finished." It is, therefore, evident that the admission of the completion of the road was advisedly made, and that it is out of the exigency created by the decisions of the court that the great change of fact is wrought. This amendment changes the whole theory upon which the issues have been framed and the respective trials had. Under such circumstances the fundamental rules of equity require that the motion should be denied. Calloway v. Dobson, 4 Fed. Cas. 1082 (No. 2,325); Smith v. Babcock, 22 Fed. Cas. 428 (No. 13,008); Bowen v. Cross, 4 Johns. Ch. 375; Hentz v. Havemeyer, 15 App. Div. 357, 44 N. Y. Supp. 58. This rule is required for the purpose of preventing fraud, imposition, and injustice. These reasons require that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.