PETER J. VANDERBILT, Appellant, *v.* JOHN SCHREYER,
Impleaded, etc., Respondent.

Judgment having been entered against defendant, upon an order overruling his demurrer to the complaint, he appealed to the General Term. He subsequently moved at General Term for leave to discontinue his appeal, to withdraw his demurrer and to answer, which motion was, by consent of counsel on both sides, there heard. *Held*, that upon appeal from an order granting the application, the objectton could not be raised that the motion to withdraw the demurrer and answer could not properly be made at General Term.

The Supreme Court has power to open defaults and to vacate judgments, and a judgment entered upon demurrer may be relieved against as well as any other.

Whether the power shall be exercised in a case is a question in the discretion of that court, with the exercise of which this court will not ordinarily interfere; and while this power must not be exercised arbitrarily, so as to deprive a party of a valuable right, where facts exist showing that the ends of justice may require its exercise, the determination of the General Term is not reviewable here.

(Argued June 15, 1880; decided June 18, 1880.)

THIS action was originally commenced against John Schreyer, individually and as executor of the last will and testament of his wife, Anna Maria Schreyer, deceased, and others, their minor children. The complaint alleges that on the 26th day of September, 1878, the plaintiff recovered a judgment against John Schreyer upon an obligation given by him to the plaintiff in May, 1874; that execution was issued upon such judgment and returned unsatisfied in May, 1879; that, prior to May, 1871, Schreyer owned certain real estate situate in the city of New York, which is described; that, about the year 1870 or 1871, he entered into a new business, and that with a view thereto, and with the intent and for the purpose of securing such real estate for the benefit of himself and family, in the event of losses accruing in such business, in or about the year 1871, he voluntarily and without any consideration conveyed such real estate through a third person to his wife, upon a secret trust for his own benefit; that the legal title to such real estate remained in his wife until September, 1876, when she died, leaving a will in which she devised the real estate to her husband upon trust for the

benefit of the minor defendants, her children, giving him a power of sale; that he, as executor of the will, in 1877, conveyed the real estate, without any consideration, to Philip Pinkel, who is also made a defendant, subject to the secret trust for his own benefit; that all the conveyances by Schreyer were made by him with the intent to defraud the plaintiff and his other creditors, and to prevent the real estate from being reached and applied to the payment of his debts; and relief is prayed that the conveyances be adjudged fraudulent and void, etc. To this complaint Schreyer demurred. The issue upon the demurrer was brought to trial and the demurrer was overruled, with liberty to answer upon the usual terms. He did not answer, and on the 10th day of December, 1879, judgment was entered against him. On the 23d day of the same month an order was made severing the action as between the plaintiff and Schreyer, individually, from the action between the plaintiff and the other defendants, and allowing the plaintiff to proceed with the action against the other defendants. On the 26th day of December, Schreyer appealed from the judgment against him to the General Term. Thereafter the plaintiff claimed that such judgment was conclusive against the other defendants, and by permission of the court served a supplemental complaint upon the other defendants, setting up that judgment, and in April, 1880, was about to bring the action to trial upon the single issue as to whether that judgment was so conclusive. A motion was then made to the General Term, on behalf of Schreyer, for leave to discontinue his appeal, and to withdraw his demurrer and to answer upon such terms as the court might impose. After hearing counsel on both sides, who consented that the motion be there made and heard, the court granted the motion, giving Schreyer leave to discontinue his appeal, to open the judgment, to withdraw his demurrer and to answer, upon the payment by him of all the costs and a stipulation by him of an early trial of the issue to be made by his answer. From that order plaintiff brought this appeal, his claim being that the court did not have power to make the order, and that if it did have such power, it ought not to have exercised it upon the facts appearing.

The court say "it is not denied that the General Term had the power to permit Schreyer to discontinue his appeal, and I do not understand that that portion of the order is complained of. The point cannot be made here, that, as to the balance of the order, the motion could not properly be made at the General Term, because it does not appear that any objection of that kind was made on the hearing of the motion, and the order recites that the motion was there made by consent of both parties. We have, therefore, only to consider whether the Supreme Court, at any proper term thereof, could make the order.

"The power of the Supreme Court to open defaults, to set aside or vacate judgments, and to permit pleadings to be served, in furtherance of the ends of justice, is unquestionable. It is a power exercised continually, and grows out of the control it has over its own records and judgments, and the actions pending therein. There are so many occasions for its exercise that it should not be curtailed. Whether the power shall be exercised in any case rests in its discretion, with the exercise of which this court will not ordinarily interfere. The power does not depend upon section 724 of the Code, but it exists independently of that, and inheres in the very constitution of the court. A judgment entered upon demurrer is no more sacred or final than any other final judgment, and may be relieved against, with as much propriety as any other. (*Fisher* v. *Gould, ante*, p. 228.) The power must not be arbitrarily exercised, so as to deprive a party of a valuable right secured. But when facts exist showing that the ends of justice may require its exercise, the Supreme Court must deal with its own records, generally subject to no review here.

"Here, the real parties interested in the defense of this action were the defendants other than Schreyer. The judgment upon the demurrer was apparently harmless, unless it could harm them. After Schreyer suffered the judgment to be entered against him it was perceived that the plaintiff meant to claim that it was conclusive against the other defendants. Then for fear that the other defendants would be embarrassed in their defense, this motion was made, and the court, for the purpose of

protecting them and relieving them from the supposed embarrassment caused by that judgment, having sufficient facts before it, granted this order, upon terms entirely just to the plaintiff.

"We cannot perceive that there was any want of power or abuse of discretion, and the appeal must, therefore, be dismissed with costs."

*J. Mitchell Tyng* for appellant.

*John L. Lindsey* for respondent.

EARL, J., reads for dismissal of complaint.
All concur.
Appeal dismissed.