NEW YORK CITY BAPTIST MISSION SOC. v. TABERNACLE BAPTIST
CHURCH et al.

(Supreme Court, Appellate Division, First Department. November 20, 1896.)

JUDGMENTS—HARMLESS INFORMALITY.
Failure to number the folios of a judgment, as required by Gen. Rules Prac.
No. 19, is a mere irregularity; and the judgment, after entry, is valid, under
Code Civ. Proc. § 721, which provides that a judgment shall not be affected
by any informality by which the adverse party has not been prejudiced.

Appeal from special term, New York county.

Action by the New York City Baptist Mission Society against the
Tabernacle Baptist Church, impleaded, etc., to foreclose certain mort-
gages.    From an order setting aside the entry of judgment, and di-
recting that the judgment and decision of the court be removed from
the file, and the entry and filing thereof canceled, plaintiff appeals.
Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS,
PATTERSON, and INGRAHAM, JJ.

Edward S. Clinch, for appellant.
Frank Harvey Field, for respondents.

INGRAHAM, J.   There is no question as to the power of the
court to vacate any of its judgments upon a proper state of facts.
The question before us is whether the order of the court below vacat-
ing the entry of this judgment was proper under the circumstances
of this case.    Rule 19 of the General Rules of Practice provides that
every judgment exceeding two folios in length shall be distinctly
numbered and marked at each folio in the margin thereof; and the
entry of the judgment in this case by the special term was a viola-
tion of this rule.    This, however, was a mere irregularity; and the
judgment, having been entered, was a valid judgment, until set aside
or vacated by the court.    Section 721 of the Code then applies.    Un-
der the provisions of that section, the judgment was not affected
or impaired by reason of an informality in the entry of the judgment,
or in making up the judgment roll, or for any fault or negligence of
the clerk, or any other officer of the court, or of a party, his attorney
or counsel, by which the adverse party had not been prejudiced.    This
valid, subsisting judgment should therefore be vacated or set aside
by an order of the court only upon its appearing that there was a
fraud or neglect on the part of some officer of the court, or of a party,
his attorney or counsel, by which the adverse party had been preju-
diced.    It was necessary to show that the moving party had been in
some way prejudiced by the failure of the officers of the court or the
attorney for the adverse party to comply with some regulation which
had rendered the judgment irregular.    In that we think that the
moving party has failed.    No attempt is made to show that the fail-
ure to folio the judgment has in any way prejudiced the moving
party.    It is a mere irregularity, that in this case has harmed no
one; and it is clear that, save for the fact that the respondent allowed
his time to appeal to expire, and, under the guise of this motion,

has attempted to acquire a right to appeal after the time therefor has expired, in violation of the express provisions of the Code, no attempt would have been made to obtain the vacation of this judgment. It appeared, however, that the respondent had lost his right to appeal by failing to serve his notice of appeal in time; and that this is a serious prejudice, we assume. But this failure to appeal was not in any way caused by the irregularity complained of, and that irregularity did not in any way prejudice the respondent. Section 784 of the Code is explicit. Neither the court nor judge has authority to extend the time fixed by law within which an appeal can be taken; nor can a court or a judge allow either of those acts to be done after the expiration of the time fixed by law, except in a case specified in the next section, which does not apply to the case at bar. We have thus an application to the court to violate an express provision of law, and give to this respondent a right which he has lost by reason of his own neglect, and which section 721 of the Code expressly says we shall not give because of an irregularity which has not prejudiced him. We think, therefore, that to grant this motion would be an express violation of the provisions of the Code, and an exercise of a power unauthorized by law.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion below denied, with $10 costs. All concur.

---

### SMITH v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, Second Department. December 1, 1896.)

DAMAGES—WHEN EXCESSIVE.

　　A verdict for $10,000 for personal injuries is excessive where the evidence showed that the plaintiff, a teacher in a public school, was cut in the forehead and bruised on body and limbs, by which she was confined to her bed two weeks; that she had not recovered at the trial from brain irritation and congestion developed at the time of her injury; that she suffered more when making mental efforts, and that after school she was exhausted, and had to go home and lie down; that she slept but little, day or night; that she was absent from work four months, but lost little in salary or money.

Appeal from trial term, Kings county.