## DONNELLY v. McARDLE.

(Supreme Court, Appellate Division, First Department.. February 5, 1897.)

1. JUDGMENTS—VACATION—INHERENT POWER.
It is a power of a court of record to vacate its judgments and award new trials in the furtherance of justice, and does not depend on the Code.

2. SAME—DISCRETION OF COURT.
In a suit for a partnership accounting the court dismissed the complaint during plaintiff's examination, on his admission that some of the firm transactions were illegal, though it did not appear that the partnership was formed for illegal purposes, and plaintiff's counsel, without excepting to the ruling, suddenly withdrew. Plaintiff moved for a new trial, alleging that only a small part of the firm transactions were illegal, and that he was surprised at the summary desertion of his counsel, but the motion was denied, and judgment entered, from which an appeal was taken, but abandoned, and a second suit, thereafter brought in another court, was dismissed on the ground that the former judgment was a bar. A subsequent motion to amend the original judgment was denied by the justice who rendered it, but nine months afterwards plaintiff again moved for a new trial, which the court granted, vacating the original judgment entered nearly four years previously. *Held* a proper exercise of discretion. Van Brunt, P. J., and Ingraham, J., dissenting.

Appeal from special term, New York county.

Action by Michael Donnelly against Patrick J. McArdle for the dissolution of a partnership and for an accounting. From an order vacating a judgment for defendant, and granting a new trial on condition that plaintiff pay, certain costs, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Delancey Nicoll, for appellant.
E. C. James, for respondent.

O'BRIEN, J. The application for a new trial (from the order granting which this appeal is taken) was made to the same learned justice before whom the case had been brought for trial, and who had dismissed the complaint. After fully hearing counsel and reviewing all the facts, he disposed of the application in an opinion in which he says:

"There can be no doubt that the plaintiff has not had such a trial as he is entitled to. This has resulted from misapprehension of the real status of the case, —misapprehension for which the plaintiff was certainly in a measure responsible. Upon the trial the plaintiff's counsel was naturally misled by what transpired when their client was being examined, and they were undoubtedly surprised by his sudden avowal of the illegal transactions. The court also derived the impression that the partnership was tainted through and through with these corrupt transactions, that they constituted the bulk of its business, and that the action was really an attempt to induce a court of equity to compel an equal division of the spoils. It now appears that the partnership agreement had relation to an honest business, and that under it honest business to a considerable extent was actually done. The claim is now that the corrupt transactions were few in number, and that they are readily severable from the mass of untainted business. Certainly, a sufficient case upon this head is made out for a rehearing. The plaintiff has never had a fair opportunity of presenting this aspect of his case. It may be that the corrupt transactions were more numerous than he claims they were. It may even be that their ramifications were so extensive as to justify the

decision that was made. Still the plaintiff should not lose his right to prove the contrary—if he can—merely because his counsel were surprised, and failed to proceed at the critical moment. There is no question of the inherent power of the court to relieve under such circumstances. It simply grants a new trial ex debito justitiæ. Owing to a clear misapprehension,—in which all parties, including the court, shared,—the plaintiff has never had a trial in the proper sense of that term. The court cannot, therefore, hesitate to afford him relief. He is entitled to try his case through to the end as a matter of right and justice. The only question, therefore, is as to the terms upon which relief should be granted. There has undoubtedly been laches, but the plaintiff is not altogether responsible for that. This is in fact the first time when his position has been clearly and convincingly presented, and I cannot think—looking at the whole history of the case—that the door should be finally shut against him because of the less forcible efforts which have preceded the present application."

In opposing the application below, and in assailing upon appeal the order made, the defendant relies upon three grounds. In disposing of them we might well rest our decision upon the opinion of the learned judge at special term; but the force and ability with which they are again presented, and the controlling influence which the disposition made may have upon the rights of the parties, require at our hands a reconsideration of the questions involved.

We all agree that the court had power to grant the motion, and that such power was not dependent upon or limited by the Code, but is inherent in the court. Vanderbilt v. Schreyer, 81 N. Y. 646; Ladd v. Stevenson, 112 N. Y. 326, 19 N. E. 844. In the latter case it was said:

"The whole power of the court to relieve from judgments taken through mistake, inadvertence, surprise, or excusable neglect is not limited by section 724 [Code Civ. Proc.], but in the exercise of its control over its own judgments it may open them upon the application of anyone for sufficient reason, in the furtherance of justice. Its power to do so does not depend on any statute, but is inherent, and it would be quite unfortunate if it did not possess it to the fullest extent."

And in speaking of such power the court, in Vanderbilt v. Schreyer, supra, said:

"There are so many occasions for its exercise that it should not be curtailed. Whether the power shall be exercised in any case rests in its discretion, in the exercise of which this court will not ordinarily interfere."

The determination as to whether such power in a given case has been wisely exercised must necessarily depend upon the facts; and, as in none of the cases cited by the appellant were the facts similar to those we are here dealing with, they are easily distinguishable. They undoubtedly aid us by way of analogy and illustration, but are no unerring guide or controlling authority. Recognizing this, the appellant insists that, even if the court had the power to vacate the judgment, the exercise of such power, under the circumstances and upon the proofs before the court, was an error of discretion which ought to be corrected here.

It is conceded that the plaintiff has never had a trial, or his day in court. He was being examined, and his testimony was left unfinished, and none of his witnesses were examined; and because he confessed that certain of the transactions of the firm were illegal, the complaint was dismissed. At that point his counsel became

43 N.Y.S.—36

demoralized, and made no attempt to bring out the facts fully, but, without excepting to the ruling, withdrew from the case, and abandoned the plaintiff. That the court's action was the result of misapprehension is clearly made to appear; and, without reciting the facts more in detail, we think it must be conceded that these facts would have amply justified the granting of a new trial, if the motion was in time. It is suggested that the error into which the court fell could have been corrected by appeal. This, it appears, was taken in time, but not prosecuted. The plaintiff, however, had equally the right to move for a new trial before the judge who tried the case; or, if his complaint was not dismissed upon the merits, he could begin a new action. Both of these remedies he sought, and the former was denied because the learned trial judge retained and acted upon the misapprehension that the plaintiff was seeking an accounting for illegal transactions. And, although the trial court had expressly refused to find that the complaint was dismissed on the merits, the judgment entered by reason of the findings was held in the new action brought to be a bar. Then followed the other efforts of the plaintiff to obtain redress and a trial, all of which were ineffectual, until the trial judge, upon his attention being finally called to the error into which he had fallen, determined to undo the wrong, and accord to the plaintiff a trial.

It being clear, therefore, that the court had the power to grant a new trial, and that the exercise of such power upon plaintiff's first application would have been a wise and just use thereof, the whole question narrows down to whether the course pursued in the intervening time by the plaintiff was such that he was entitled to no relief upon the ground of laches. We do not think that laches, in the proper acceptation of that term, is present. The plaintiff was neither idle nor inactive. He did not remain quiescent under the default until some action should be taken against him, but was constantly active in seeking redress, and made, as shown, many ineffectual efforts to right the wrong. Having been erroneously deprived of his right to have his case fully tried, having in the midst of the first trial been abandoned by his then counsel, and obliged to employ others, he was excusable in seeking relief in the form of a new trial rather than by prosecuting an appeal. It is urged that the effect of the order is to extend such right to appeal. We do not think, however, that that question is in any way involved. As we have pointed out, the plaintiff had several remedies open to him; and because he pursued those which were more direct, and would more speedily afford him redress, even though these turned out to be ineffectual, or were erroneously denied him, he should not be deprived of all relief because there was one other remedy by way of appeal which he might have invoked. The reason for his failure to prosecute the appeal, or to appeal from the order subsequently made upon his first application for a new trial, is inferable from the fact that upon the dismissal of the complaint counsel for plaintiff, instead of excepting to the ruling, as was his duty, abandoned the case; and from that time he was not represented by counsel until he employed others to make the first appli-

cation for a new trial. The plaintiff and the counsel subsequently employed had some ground, therefore, for concluding that, in the absence of any exception, the error in the ruling could not be corrected upon appeal from the judgment or the order denying a new trial. And, without deciding it, even though we concluded with the learned judge below that his rulings were erroneous, there was a question whether, by appeal, the error could be corrected. Having the other remedies, more certain, direct, and speedy, must the plaintiff be denied justice because he did not pursue his remedy in one particular direction? If he had pressed his appeal, and had been defeated because his counsel abandoned him in the midst of the trial, instead of protecting him by proper exceptions, would not the argument be equally potent that, having chosen that remedy, he was thereafter debarred from pursuing any other? Would not the time consumed in appealing be urged against him with equal force on any new application, upon the claim of laches? And what, after all, is the only substantial ground advanced against the granting of the order? It is that plaintiff has been guilty of laches. And what kind of laches? Laches in not pursuing one remedy, by appeal, when it is conceded he was actively and persistently engaged in pursuing others which, equally with the right to appeal, were open to him. There is here no question of the rights of third parties, the only persons affected by the granting or refusing of the application being the parties to the action. It must be conceded that the plaintiff was deprived of his legal right, and that the judgment as entered was erroneous. It is but equitable and right that relief should be afforded him; and, to paraphrase the language of the court of appeals, it would be unfortunate if the court did not possess the power to undo the wrong, or declined to exercise it in furtherance of justice.

A word in conclusion in reference to the third ground urged by the appellant,—that, upon the admitted facts, including those that appeared upon the trial and those appearing by the moving papers, the plaintiff can never recover in this action, and, therefore, that the judgment should not have been disturbed. It is insisted that the plaintiff parted with his rights by executing a so-called "agreement of dissolution." But the merits of this dispute were not passed upon on the trial, the complaint having been dismissed before the trial ended. Nor are we called upon now to determine whether the ruling of the court at special term was right, it being sufficient to say that we think, as did the learned judge below, that there are two sides to the question as to whether the plaintiff should be turned out of court entirely because he confessed that certain transactions of the firm were of an illegal character. The complaint was dismissed before the plaintiff rested, upon the theory that this showing was fatal to any relief. But, as appears by his opinion, the attention of the trial judge was not then directed to the proposition that, if the co-partnership agreement was legal, and if the bulk of the transactions of the firm were legitimate, and it was practicable to separate the legal from the illegal transactions, he might have directed an accounting, determining himself, or leaving

it to a referee to find, whether the plaintiff was entitled to any proceeds as against his partner on account of the legal transactions. The principle invoked by the appellant, and the authorities cited by him in support thereof, are undoubtedly sound,—that where the agreement is of an illegal character for some reason, such as the nature of the business, or as contrary to public morals, or in violation of statutory enactment, in such cases the complaint must be dismissed, and the party not allowed to enforce the illegal agreement, or to obtain any benefit thereunder. Here, however, it was not shown that the co-partnership agreement was other than a legal one; and, granting that the bulk, or, as shown upon this motion, that at least 90 per cent., of the transactions carried on under it were honest, and could be accounted for, would it not be right to allow the plaintiff an opportunity of presenting his case fully; and would it not then be for the court to determine the extent of the relief, if any, which it would accord? This question should only be disposed of after both sides have had a hearing. We do not mean to decide it, our purpose being merely to point out that there is a distinction to be observed between the enforcement of an agreement of an illegal character and giving effect to a legal agreement under which certain illegitimate acts have been done. Whether, in the latter case, the rule would be the same, we think, as suggested, should be determined upon the trial.

The order appealed from is right, and should be affirmed, with costs.

WILLIAMS and PATTERSON, JJ., concur.

VAN BRUNT, P. J. (dissenting). This action was commenced on the 18th of March, 1891. The complaint alleged that the plaintiff and defendant had been partners since 1887 in the business of buying and selling scrap iron, etc., under the name and style of M. Donnelly & Co.; that in November, 1889, the defendant having charged the plaintiff with mismanagement of the business and threatening to dissolve the firm, the plaintiff made a bill of sale to the defendant of all the stock in trade and property of every description belonging to the co-partnership; that such paper was not intended to be an absolute transfer of the property in question to the defendant; that after the execution of the bill of sale the plaintiff proceeded to dispose of the assets in the usual course of business, realizing a good profit thereon; and that no accounting between the parties had ever been had, but that the defendant had taken possession of all the assets under and by virtue of the bill of sale. The complaint also alleges as a cause of action the making of an agreement subsequent to the bill of sale, between the plaintiff and the defendant, with respect to new dealings and transactions under the firm name and style of P. J. McArdle; that this business had become large and profitable; but that on the 17th day of March, 1891, the defendant had taken forcible possession of the assets and property of the firm, and had by force excluded the plaintiff from further participation in the management of the business. The com-

plaint demanded judgment that the co-partnership be dissolved, that the bill of sale be declared to be abandoned and of no effect, and that an accounting of all the partnership dealings between the parties be taken under the direction of the court, etc.   The answer admitted the co-partnership, denied that any capital whatever was contributed by the plaintiff, and alleged that all the capital was contributed by the defendant.   It further alleged mismanagement of the business by the plaintiff, and the jeopardizing of the capital which the defendant had invested, and that, therefore, the defendant was obliged to take possession of the business, and that the bill of sale was made by the plaintiff of his own free will, etc.   The action came on for trial at special term in February, 1892.   The plaintiff was the only witness examined, and during the course of his examination he testified in respect to certain goods which he stated were obtained by the firm halfway dishonestly, and that it was understood between him and the defendant that they should not be entered upon the books of the concern.   The witness testified that large profits had been derived from this part of the business.   He was asked whether it was the principal part of the business, and he stated: "No, it was not the principal part.   There are some dishonest people, and those people would come in, and say, 'I can let you make some money,' and of course we were ready." Further testimony was given by the witness upon this subject to the effect that all the goods procured in this dishonest way, except such as were sold separately, had been mixed up with the other goods of the firm, and sold together, and that there were only two or three cases where such dishonest goods were not mixed up with the others.   Upon these facts being disclosed, the court held that, the transactions being dishonest, a court of equity could not grant any relief, and dismissed the complaint, without costs, and the plaintiff's attorneys severed their connection with the case.   The plaintiff retained other attorneys in place of those who had retired, and application was then made to the justice who had tried the case for an order to show cause why the same should not be opened, and further testimony introduced.   This application was denied. The plaintiff's attorneys then served a notice of motion returnable on the 30th of March, 1892, before the justice who had tried, the case, for leave to open the case upon the ground that the irregular transactions which appeared on the trial formed but a small portion of the dealings in the co-partnership between the plaintiff and the defendant, and that the withdrawal of the plaintiff's attorneys, and their summary abandonment of his case, were without his consent and acquiescence, and without any prior notification to him or conference with him by said attorney, and he was utterly unprepared therefor.   On the 31st of March, 1892, the findings of fact and conclusions of law were signed by the court, and upon the same day judgment was entered dismissing the complaint, without costs. On the 12th of April, 1892, an order was entered dismissing the motion for leave to open the case, such motion having been made without leave of the court, and that leave had been refused by the denial of the order to show cause why the relief sought by the

motion should not be granted. Thereafter the plaintiff procured another attorney, who, on the 12th of December, 1892, brought an action in the court of common pleas, the complaint containing substantially the same allegations as those contained in the complaint in the action above referred to in the supreme court. The answer, among other things, pleaded the action in the supreme court, and the judgment entered thereon on the 31st of March, 1892. This action came on to be tried in April, 1894, before a judge of the court of common pleas, who, on the 31st of July, 1894, dismissed the complaint on the merits upon the ground that the judgment in the supreme court had finally adjudged and determined the matters set forth in the complaint, and that the plaintiff was barred and precluded from maintaining an action. On the 18th of August, 1894, judgment was entered; and from that judgment, in September, 1894, the plaintiff appealed to the general term of the court of common pleas. This appeal seems never to have been heard. On the 21st of December, 1894, the plaintiff made a motion in the supreme court before the justice who tried the cause to resettle and amend the judgment entered on the 31st of March, 1892, nunc pro tunc, by inserting a provision in it to the effect that the dismissal of the complaint was not on the merits, and was without prejudice to another action for the same relief. This motion was denied by an order entered on the 14th of January, 1895, but without prejudice to any application the plaintiff might be advised to make to reopen the original judgment, or to amend the same. On the 6th of November, 1895, the plaintiff, upon a new set of papers, obtained an order to show cause why the judgment theretofore entered in this case should not be set aside, and why the case should not be reopened, and the trial of the action proceeded with from the point where the same was interrupted by the dismissal of the complaint, and why a new trial thereof should not be had. The grounds of the motion were substantially those which had been stated upon the previous motions above referred to, although the same were considerably amplified. Thereupon, on the 16th of December, 1895, an order was granted vacating the judgment, and directing a new trial on payment by the plaintiff to the defendant of the costs which had theretofore been incurred both in the supreme court and in the court of common pleas. From this order the present appeal is taken.

It is urged by the counsel for the appellant that the court at special term had no power to vacate the judgment, and order a new trial, upon the ground that under sections 724, 1282, 1283, and 1290 of the Code of Civil Procedure such a motion must be made within one year after notice of the judgment, order, or other proceeding which it is sought to vacate. It has, however, been settled by the court of appeals that the power of the supreme court to open defaults, to set aside or vacate judgments, and to permit pleadings to be served in furtherance of the ends of justice, is unquestionable, notwithstanding the limitations of the Code; and that the power does not depend upon the sections of the Code, but exists independently of them, and inheres in the very constitution of the court. Vanderbilt v. Schreyer, 81 N. Y. 646; Ladd v. Stevenson, 112 N.

Y. 326, 19 N. E. 844.   The court, however, in the exercise of this power, must necessarily consider the limitations which have been placed upon its action by the provisions of law and the policy which has obtained in the statutes of having a day of repose not only as to the assertion of rights which have not been passed upon, but also in respect to rights which have been adjudicated upon and settled by the courts.   It is upon the ground of surprise, mistake, fraud, or undiscovered evidence that this power of the court is usually invoked.   In such case a party is always required to move with diligence.   In the case at bar there is no pretense of undis-covered evidence, of fraud, or mistake; the ground of surprise sim-ply being asserted.   The plaintiff here rested quiet for nine months after his defeat on the motion to amend the judgment; and it was only after this lapse of time that he became surprised at the re-sult of the trial and the action of the attorneys, occurring three years and a half before.   And, after the same relief had been twice refused, an order is made vacating the judgment, and granting a new trial; and this, long after the right of appeal had been lost, and after repeated efforts had been unavailingly made to reopen the trial, based upon the very same grounds upon which the motion is now granted.

It has been suggested that the learned judge did not pass upon the merits of the application when he refused the order to show cause.   There is no ground for this assumption.   An application for an order to show cause was made, considered by the judge, and refused; and the reason for the denial of the subsequent motion was because a motion for leave to renew had been made and denied; clearly showing that the learned judge intended to be understood as having denied the application for an order to show cause after examination.   It seems to us, taking all these things into consider-ation, that the court was not justified in unsettling the rights of these parties.   It appears, as above stated, that no proceeding whatever was taken on the part of the plaintiff for nearly 10 months prior to the making of this motion.   It has been held that where a party had proceeded with much greater diligence than is here shown, and had lost his right of appeal by mistake, the motion to vacate a judgment upon the ground of irregularity in its entry could not be resorted to in order to give a party a right of appeal which he had already lost.   New York City Baptist Mission Soc. v. Tab-ernacle Baptist Church, 10 App. Div. 288, 41 N. Y. Supp. 976.

We are of opinion, therefore, in view of these considerations, that it was error to grant the new trial, and that the order should be reversed, with $10 costs and disbursements, and the motion de-nied, with $10 costs.

INGRAHAM, J.   I concur with the presiding justice in his opin-ion.   The history of this case is there detailed.   After the trial was had, which resulted in the announcement by the court that the complaint should be dismissed, and before the entry of final judg-ment, a period of over two months elapsed.   Immediately after the trial at which the plaintiff says he was deserted by his counsel,

new attorneys were retained, and proceedings were at once taken by them to enforce the plaintiff's rights. Before the judgment was entered, the new attorneys made a motion on behalf of the plaintiff to the judge who tried the case, upon an affidavit of the plaintiff, the stenographer's minutes of the trial, and all the papers and proceedings in the case, to reopen the trial, and to allow the plaintiff to come in and give additional evidence, and to note an exception to the ruling of the court. It appears in the plaintiff's affidavit used upon that motion that upon the trial which resulted in the dismissal of the complaint his counsel abandoned the case in court; that from the time of such abandonment he was not represented by counsel at all, and that by reason of that fact no further testimony was offered on the plaintiff's behalf, and that no exception was taken to the dismissal of the complaint. It also appeared that the irregular transactions which appeared on said trial formed but a small portion of the dealings of the co-partnership between the plaintiff and the defendant; that the withdrawal of the plaintiff's attorney as aforesaid, and his summary abandonment of the plaintiff's case, was without his consent or acquiescence, and without any prior notification to him, or conference with him by his attorney. Upon that application there was presented to the court substantially the same facts as those now presented as reason for granting the application. That was before the entry of judgment; and that motion was argued and submitted to the court, and an order denying such application entered. From that order no appeal was taken, and subsequent thereto the justice trying the case filed his decision, and directed the entry of judgment. From that judgment an appeal was taken, which was subsequently abandoned. Since that time the plaintiff had been endeavoring in various ways to review the decision of the court upon the trial of this action by motions and actions in other courts, which necessarily resulted in defeat. He had had his day in court, and his case had been dismissed. The law provided a remedy for that dismissal, which was by an appeal, or by a motion to reopen the trial, and be allowed to introduce further evidence. He had made that motion, and it was denied; and from the order denying that motion he had not appealed. Three and a half years after the entry of judgment and the denial of his motion on the same state of facts, nothing new in the meantime being discovered except the fact of his unsuccessful irregular effort to review the judgment, he applies to the same court for the relief which had before been denied him, without a formal application to renew, and without any facts explaining his failure to appeal, either from the judgment or the order denying the motion for a new trial. Upon such new application, the defendant having lost in the meantime his right to appeal from the judgment and from the order denying his motion for a new trial, a new trial is granted him simply because the learned judge who tried the case now thinks that his rulings upon the original trial were erroneous. A method to review a decision of the court based upon error is provided by appeal, and nothing can be clearer than that the orderly administration of justice re-

quires that such error should be reviewed only by appeal. There are also certain recognized grounds for the granting of new trials upon facts outside of the record,—such as surprise, mistake, newly-discovered evidence, and fraud or imposition upon the court; and in either case it is necessary to present to the court the facts upon which the motion is to be made by affidavit. Where the right to a new trial is based upon error in the decision of the court upon the trial, the application for the new trial must be made by an appeal from the judgment. Where the right to a new trial is based upon facts which do not appear on the trial, and is addressed to the judicial discretion of the court, such an application must be made by a motion for a new trial, generally upon a case settled and affidavits. The plaintiff in this case had the right to resort to either of these remedies. He had a right to his motion for a new trial upon the ground of surprise, mistake, newly-discovered evidence, and fraud or imposition upon the court, and he made that motion before the entry of judgment, and that motion was denied, and from the order denying that motion no appeal was taken. The judgment was then entered. He then had the right to review the decision of the trial court by an appeal from that judgment, which appeal he took, and subsequently abandoned. It would seem that, having exhausted both of his remedies for a reversal of the judgment against him, and his right to appeal both from the judgment and from the refusal of the court to order a new trial having been abandoned, the judgment should stand, except that upon the presentation of some new facts not before the court upon the trial or the former application leave could be obtained to renew his application. No such new facts were presented upon this application, and a careful examination of this voluminous record has failed to show any ground which would justify the court in allowing the application to be renewed, and the judgment vacated, long after the time to appeal had expired. The ground upon which the learned judge at special term granted this motion is that at last he is satisfied that his decision was erroneous, because he misconceived the effect of the evidence. It is not claimed that the evidence given by the plaintiff upon the trial was false, or a mistake; and the only surprise alleged is that, as he was not familiar with being a witness, he was surprised into telling the truth. It is conceded that the court on the trial had before it a correct statement of the facts. Upon those facts the court applied a rule of law which the plaintiff claims was not applicable to the particular facts proved; and the learned court, on granting this application, seems to have finally come to that conclusion.

It is not necessary for us to examine the correctness of the conclusion arrived at, nor do I express an opinion upon it. What is material upon this application is that it appears that the error complained of was an error of the court in the application of a rule of law to the facts developed upon the trial of this particular case. To remedy that error, if it existed, the plaintiff had his appeal. If, by reason of surprise or excusable mistake, he had been been prevented from bringing out all of the facts, he had his remedy by a

motion for a new trial upon that ground. He made that motion, and was defeated. The order denying his motion was entered. His time to appeal from it expired. The sole method by which he could then review the decision of the court was on an appeal, and he was confined to that method of review. He seems to have adopted almost every other method except the one prescribed by law. That, for some unaccountable reason, absolutely unexplained, he abandoned. Having lost his right to review by appeal either from the judgment or order denying his motion, we have now to determine whether or not the court was justified by this order appealed from in giving him a right to review the decision of the trial court, by a new trial, when he had lost that right by his failure to appeal. We fully appreciate the motive that actuated the learned judge below when he realized that the plaintiff had lost a substantial right in consequence of what he considered his erroneous decision on the trial of the action, and his wish to avoid any injustice that his decision might impose upon the plaintiff. On this appeal, however, we are bound to say whether the court was justified in exercising its discretion in granting this new trial where the application had been once before made and denied, and where the judgment had been entered, which the plaintiff refused or neglected to review on appeal for over three years before the making of the motion. We realize that the court in which the action is brought is given almost unlimited discretion in making amendments in actions and proceedings, in order that substantial justice may be administered. There is, however, one default which the court is not allowed to relieve, and in that direction the discretion of the court is taken away. No court can allow to a party an extension of time to appeal from a judgment or order. No court can allow to either party a right to appeal after the time to appeal has expired (Code Civ. Proc. § 784), and it is clearly error to do indirectly what the court is expressly prohibited from doing directly. We have lately held, in the case of New York City Baptist Mission Soc. v. Tabernacle Baptist Church, 10 App. Div. 288, 41 N. Y. Supp. 976, that it was error for the court to set aside a judgment as irregular where it was not shown that the irregularity had prejudiced the moving party, so as to allow a defendant to appeal from the judgment after his time to appeal had expired; and although in that case the failure to appeal was a mistake of counsel for the defeated party, the court below had exercised its discretion in setting aside the judgment which had been entered in express violation of the rules. If the court had had the power to grant the application, a case was presented in which that power would have been exercised. A far different question is presented here. The plaintiff voluntarily abandoned his proceeding to review the judgment and order refusing to grant him a new trial in the regular way, and voluntarily adopted other methods; and when those methods have been unsuccessful he asks the court to grant him a new trial, the granting of which, in effect, would violate the provision of the Code before cited,—that his time to appeal from judgments and orders regularly made should not be extended, or his default in taking such an appeal opened. If

the granting of this application can be sustained, the defeated party can, at any time, obtain a new trial upon satisfying the judge before whom the case is tried, or some other judge holding a special term, that some ruling upon the trial was erroneous; and the maintenance of appellate courts would· then seem to be unnecessary, and no litigation would ever be at an end. This case is not an exception to the general rule, because the facts are somewhat unusual, and because of the unblushing avowal .of the plaintiff that part ·of the business conducted by this co-partnership had been the bribing of agents or employés of corporations to steal the property of their employers. The sale of such stolen property by this firm naturally induced the learned trial judge to indignantly refuse to have any participation in the division among the co-partners of the proceeds of such a business. Whether or not his refusal was error was to be reviewed, not by actions in another court, but by an appeal from the judgment. I think it was error, therefore, for the court below to set aside this judgment and grant a new trial under the circumstances here detailed.