the special consideration of the court. She would undoubtedly be entitled to her strict remedy if her proceeding were regular, and the court could not deprive her of it; but in such a rigorous proceeding she should be held to a full compliance with the technical requirements of the law, to entitle her to what she asks.

The order appealed from should be reversed, but, as it seems probable that the attention of the court below was not called to the question of a demand, the reversal should be without costs. All concur.

---

(18 App. Div. 263.)

CRONER et al. v. FARMERS' FIRE INS. CO. OF YORK, PA.

(Supreme Court, Appellate Division, Second Department. June 15, 1897.)

1. NEW TRIAL—MOTION FOR REHEARING.

The court has power to entertain a motion for the rehearing of a motion for a new trial made at the time of the trial, though such motion is not made at the special term, nor at the trial term at which the cause was tried.

2. SAME—SURPRISE.

Upon a motion for a new trial of an action on a policy of fire insurance, it appeared that, just at the close of the trial, the defendant brought into court and exhibited to the jury a part of the goods saved from the fire, which were in such a condition as to lend support to defendant's claim that none of the goods were wholly destroyed, while plaintiff had no opportunity to produce other saved goods whose condition was such as to have an opposite tendency. It also appeared that in four suits on other policies, covering the same goods, at the trials of which no such incident had occurred, plaintiff had succeeded, and had been defeated only in this. *Held*, that a new trial should be granted.

Appeal from trial term.

Action by Benjamin Croner and Morris Kohn against the Farmers' Fire Insurance Company of York, Pa. From an order granting a new trial, and denying a motion for resettlement of such order, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Robert Thorne, for appellant.
Ira Leo Bamberger, for respondents.

GOODRICH, P. J. This action was brought upon a policy of insurance, was tried before a jury in November, 1896, and resulted in a verdict for the defendant. A motion for a new trial was made on the usual grounds, specified in section 999 of the Code of Civil Procedure, and judgment was entered on December 19th. On January 12, 1897, the plaintiffs' counsel procured a formal order to be entered, denying nunc pro tunc the motion for a new trial. On February 2d the plaintiffs obtained an order to show cause before the justice who presided at the trial why the plaintiffs should not have leave to renew the motion for a new trial made at the trial term, for the reasons stated at the time of such motion, and for the additional reasons that the plaintiffs were taken by surprise at the trial and on the ground of newly-discovered evidence. On the hearing of this motion, on February

15th, an order was entered granting the motion, on the condition that the plaintiffs should stipulate to accept from the defendant, in full settlement of their claim, the sum of $687, with interest; such amount being based on verdicts in other causes brought against other insurance companies for the fire loss upon similar policies, which were tried subsequently to the trial of this action, and resulted in verdicts for the plaintiffs.

It appears that the plaintiffs were insured in 17 different companies, 3 of which settled with the plaintiffs, while 14 defended, and that trials had been had in 5 of the latter, in 4 of which the plaintiffs recovered verdicts. The goods insured were gloves which were on the plaintiffs' premises at No. 508 Broadway, New York City. The fire occurred December 26, 1894. An appraisal was had, by which it appeared that the original value of the stock at the time of the fire was over $27,000; that the original value of the goods identified after the fire amounted to $17,000; that the damage to them was about $11,000; and that the value of the goods "burned out of sight" was about $10,000. The defendant, before the jury, claimed that it was impossible for such an amount of goods to have been piled up in the burned space of the premises and destroyed, and at the close of the trial its counsel produced some cases of the damaged goods, which had been removed from the premises by the underwriters, and which were in such a condition, and of such a character, as, undoubtedly, materially affected the minds of the jurors, who saw them and their contents; and the plaintiffs claimed that they had no opportunity to explain, in the hurry of the close of the trial, that these goods did not fairly represent the real facts. After the fire the firm of J. Cohen & Sons, termed "wreckers," were employed by the underwriters to save what could be saved, and they picked up a large quantity of fragments, which were put into four cases, two of which were the ones produced at the trial, and it was claimed that these represented fragments of all of the goods in store, and that no goods were actually destroyed or "burned out of sight." It was for the purpose of emphasizing this assertion that the defendant produced the two cases of damaged goods at the trial. These cases contained 2,755 pairs of gloves, some of them being partly burned fragments of woolen gloves, and were brought into court just before adjournment for the day, and at the close of the evidence. The plaintiffs' counsel, in the moving affidavits, states that he was taken completely by surprise by the production of the cases, and that, owing to the lateness of the hour, he was unprepared to produce the other two cases, and that if they had been produced the result of the trial would have been different. It is not shown that in the four other actions which have been tried any such element of evidence was introduced, and these actions resulted in verdicts for the plaintiffs. Certainly it is to be taken into consideration that we have the anomaly of five actions growing out of the same fire, in four of which verdicts were rendered for the plaintiffs, while in the present action, with the damaged goods presented to the jury without explanation, and without the production of the other two cases, there was a verdict for the defendant. Such a condition of affairs leads us to believe that the orderly administration of justice will be conserved by a new trial,

where the fullest opportunity will be afforded for the investigation of all the attendant circumstances.

We have no doubt of the power of the court to entertain the motion, although it was not made at special term, or at the trial term at which the cause was tried. This motion was for a rehearing of the motion for a new trial, which was made at the time of the trial; but, aside from this, the power of the court over its judgments is not dependent on, or limited by, section 724 of the Code of Civil Procedure, and the court may, in its own discretion, and in the exercise of the control over its own judgments, open them for sufficient reason, in the further-ance of justice. Vanderbilt v. Schreyer, 81 N. Y. 646; Ladd v. Steven-son, 112 N. Y. 326, 19 N. E. 842; Donnelly v. McArdle, 14 App. Div. 217, 43 N. Y. Supp. 560; Rost v. Railroad Co. (Sup.; 1896) 41 N. Y. Supp. 1069.

There were also exceptions to certain testimony introduced by the defendant, which may be considered in deciding this appeal, and we are of opinion that the judgment entered upon the verdict would have been reversed for error in the admission of such evidence. The orders appealed from are affirmed. All concur.

---

(19 App. Div. 316.)

STERN v. METROPOLITAN TELEPHONE & TELEGRAPH CO.

(Supreme Court, Appellate Division, First Department. June 25, 1897.)

1. DISCOVERY—EXAMINATION OF BOOKS BEFORE TRIAL.
    In a suit against a telephone company, based upon an allegation that its business is affected with a public use, that it is bound to render service for a reasonable compensation, and that the compensation demanded by it is unreasonable, the latter allegation, among others, being put in issue by the answer, evidence from the defendant's books tending to show the extent of its profits, is necessary and material, and a proper subject for an exam-ination before trial.

2. SAME—EXAMINATION OF DEFENDANT.
    When the officers of a corporation are nonresidents of the state, and their testimony is desired in connection with the books of the corporation, which are within the state, a sufficient reason is shown, upon a motion for an examination of the defendant before trial, for taking the examination be-fore, rather than at, the trial.

Appeal from special term.