(35 App. Div. 177.)

### In re VILLAGE OF LE ROY.

(Supreme Court, Appellate Division, Fourth Department.    December 9, 1898.)

1. MUNICIPAL CORPORATIONS—LIGHTING SYSTEMS—SUBMITTING PROPOSITIONS.

A submission to voters of the question, "Shall taxes authorized" in Laws 1894, c. 680, empowering villages to establish lighting systems, "be levied?" to be voted "Yes" or "No," is not a submission of the proposition in section 5 of the act, providing that no village shall establish a lighting system as provided by this act "until the proposition be submitted to the popular vote," at which the ballots shall be "For a lighting system," and "Against a lighting system," and section 6. providing that condemnation of property for a lighting system is not to be resorted to, unless a majority

of those voting decide to establish it; hence a proceeding to condemn by virtue of said election was without authority.

**2.** SAME—ELECTION—RATIFICATION.

Laws 1897, c. 551, recognizing town and village elections for officers held since January 1, 1897, does not ratify an election on a proposition of establishing a lighting system under Laws 1894, c. 680, § 5, which was invalid because it did not submit the proposition in the form provided by the statute.

**3.** STATUTES—IMPLIED REPEAL—MUNICIPAL CORPORATIONS.

Laws 1894, c. 680, § 5, prescribing the question to be submitted on a proposition to establish a lighting system in a village, is not impliedly repealed by Laws 1896, c. 909, § 82, providing generally the manner in which questions to be submitted to voters shall be set out upon the ballot.

**4.** EMINENT DOMAIN—SETTING ASIDE PROCEEDINGS.

A proceeding to condemn property for public purposes may, on motion, be set aside for invalidities therein.

**5.** SAME—COSTS.

Code Civ. Proc. § 3374, regulating costs on application for "an abandonment or discontinuance of proceedings" for condemnation, does not apply to motions to set aside such proceedings.

Ward, J., dissenting.

Appeal from special term, Erie county.

Proceeding by the village of Le Roy to condemn property of the Le Roy Gaslight Company. On motion of petitioner, the proceedings were ordered set aside (50 N. Y. Supp. 611), and the Le Roy Gaslight Company appealed, except as to that portion of the order relating to the terms and conditions upon which it was granted. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and WARD, JJ.

George Bowen, for appellant.
William F. Cogswell, for respondent.

HARDIN, P. J. The order brought here for review set aside proceedings instituted by the respondent under chapter 680 of the Laws of 1894, which was in force in June, 1897, when the proceedings were commenced, although that chapter was repealed by chapter 414 of the Laws of 1897, which took effect July 1, 1897. Notwithstanding the repeal, the proceedings might be continued, if properly brought, to a final determination, in virtue of section 31 of chapter 677 of the Laws of 1892. That section provides that "all actions and proceedings, civil and criminal, commenced under or by virtue of any provision of a statute so repealed, and pending immediately prior to the taking effect of such repeal, may be prosecuted and defended to final effect in the same manner as they might if such provisions were not so repealed." See Laws 1892, vol. 2, p. 1492. The petition, signed by Maloney and Lowe, water and light commissioners, verified June 5, 1897, presented to the court for the condemnation of the property described therein, to wit, the gaslight company, referred to an election purporting to have been held under chapter 680 of the Laws of 1894. The court acted upon that petition, and appointed commissioners to appraise the property of the appellant, and the order approving the award of the appraisers purported to be made in virtue of the provisions of the act of 1894. It was assumed that the election provided for in section 5 of the act of

1894 had been held, and authority given to take condemnation proceedings by the electors of the village of Le Roy. That section provides: "No village shall establish a lighting system as provided by this act until the proposition be submitted to popular vote at an annual or special election." The title of chapter 680 of the Laws of 1894 was, viz.: "An act to authorize the villages of the state of New York to furnish electric light or gas light to the inhabitants thereof." The first section confers upon boards of water commissioners "power to establish a lighting system within said village, for the purpose of supplying light, by means of electricity, gas or other approved system, to the inhabitants of said village." The second section provides for the issue of bonds to "procure the necessary funds for establishing such lighting system. * * * Section 3 of the act provides that water commissioners "shall have power to establish and maintain such lighting system to supply the inhabitants with light. * * *" The fifth section limits the right and power "to establish a lighting system" as provided by the act, and declares that no such system shall be established "until the proposition be submitted to popular vote at an annual or special election." The statute also declares that "at such election the ballots shall be 'For a lighting system' or 'Against a lighting system.' " Subsequent proceedings to establish a lighting system are only authorized when a majority of votes cast be in favor "of a lighting system." The power to take condemnation proceedings is conferred in section 6, and is to be used only in case "a majority of the voters of such village voting * * * decide to establish a lighting system."

Was the election held, and ballots used, in accordance with the provisions found in section 5 of the act? Doubtless the parties who prepared the ballots used sought to apply the provisions of section 82, c. 909, of the Laws of 1896, to the election held. That statute does not repeal chapter 680 of the laws of 1894. Therefore the latter statute must be followed, in order to effectually derive the power given by its provisions. Village of Harrisville v. Lawrence, 66 Hun, 303, 21 N. Y. Supp. 62; In re Taylor, 3 App. Div. 244, 38 N. Y. Supp. 348, affirmed 150 N. Y. 242, 44 N. E. 790. The ballots used were in the following form:

"(Notice to Voters. For an affirmative vote upon any question submitted upon this ballot, make a cross (X) mark in the square after the word 'Yes.' For a negative vote, make a similar mark in the square following the word 'No.' Any mark or erasure made on this ballot, except as above indicated, makes this ballot void, and it cannot be counted. Use only a pencil having black lead.)

Yes ☐    "Shall the taxes authorized in chapter 680 of the Laws of 1894, entitled 'An act to authorize the villages of the state of New York to furnish electric light or gas light to the inhabitants thereof' for the purposes specified in said act, be levied and collected from the village of Le Roy, New York, as in said act provided."

No ☐

The statute of 1894 does not provide for submitting any question as to taxes. It provides, as stated, that the electors shall declare by ballot either "For a lighting system," or "Against a lighting system." Upon the face of the ballot the words "lighting system" do not appear. In the act of 1894 there is no provision for submitting the proposition or question stated upon the ballots used. The electors did indicate, by

the ballots used, by a majority of 35, a willingness that taxes be levied and collected in the village of Le Roy authorized by the act of 1894, but they did not indicate or authorize the establishment of a lighting system for the village. The precise question which the statute of 1894 provided should be submitted was not voted upon. Hence the provision of the statute that, until the proposition named in the act shall be submitted, "no village shall establish a lighting system," controls and restricts the village and all of its officers. This being so, it is not needful to consider any question of estoppel or waiver raised by the appellant's argument. The petition for the condemnation was without authority, and conferred no jurisdiction upon the court to appoint commissioners of appraisal, or to entertain the further proceedings.

Chapter 551 of the Laws of 1897 does not ratify the proceedings had under the act of 1894. Inasmuch as the court acted upon the assumption that the act of 1894 had been complied with, and such was not the fact, the proceedings for condemnation were without authority of law. Indeed, they were a violation of the provisions found in the act.

It is contended that the court had no power, upon motion, to set them aside. The power of the court over its judgments and proceedings is one that is important, and has been exercised in numerous cases. Hatch v. Bank, 78 N. Y. 487; Underwood v. Sutcliffe, 21 Hun, 357–362; Kiefer v. Railway Co. (Sup.) 8 N. Y. Supp. 230; Van Denburgh v. City of New York (Super. N. Y.) 7 N. Y. Supp. 675; Eighmie v. Taylor, 39 Hun, 367; Naughton v. Vion, 91 Hun, 362, 36 N. Y. Supp. 312; Vanderbilt v. Schreyer, 81 N. Y. 646; Ladd v. Stevenson, 112 N. Y. 326, 19 N. E. 842. The application at special term was not to declare abandoned the proceedings. It was to set them aside as having been made without authority, or in violation of law. Section 3374 of the Code of Civil Procedure regulates the costs upon an application for "an abandonment or discontinuance of the proceedings." Laws 1894, c. 475.

The foregoing views lead to an affirmance of that part of the order appealed from.

So much of the order as is appealed from is affirmed, with $10 costs and disbursements against the appellant.

FOLLETT and ADAMS, JJ., concur. WARD, J., dissents.