ELIZABETH MILLS, Respondent, v. PAULINE NEDZA, Appellant.

Second Department, February 23, 1928.

Judgments — vacating — two notes of issue were filed — one notice of trial was served — default judgment on first note of issue was set aside — same notice of trial was used for default judgment under second note of issue — said judgment fraudulently entered — notwithstanding Civil Practice Act, § 521, court has inherent power to set aside judgment.

The plaintiff filed two notes of issue, one for the May term, 1923, and the other for the April term, 1924. Notice of trial was served only for April term, 1924. When the case was reached on first note of issue in 1925 a default judgment was entered on the notice of trial for the April term, 1924. That judgment was later opened and the case set down for April, 1925, but was marked " off." When the case was reached on the 1924 note of issue in October, 1925, the plaintiff, relying on same notice of trial, had an inquest and the present judgment was entered by default.

The entry of the judgment was not only irregular but constituted legal fraud upon the defendant, and the court in the exercise of its inherent power to relieve from judgments entered under the circumstances here disclosed, may set aside the judgment. Under the circumstances the court is not bound by the provisions of section 521 of the Civil Practice Act.

APPEAL by the defendant from an order of the Supreme Court, entered in the office of the clerk of the county of Kings on the 20th day of June, 1927.

The order denied a motion made on behalf of defendant to open defendant's default and vacate and set aside a judgment entered on the 27th day of October, 1925.

*Timothy J. Mahoney*, for the appellant.

*Gertrude Lilenfeld*, for the respondent.

PER CURIAM. Plaintiff filed two notes of issue in this action, one for the May term, 1923, and the other for the April term, 1924. No notice of trial was served for the May term of 1923, but notice of trial was served for the April term of 1924. The notes of issue on file in the office of the clerk of the county of Kings disclose that under the first note of issue defendant is named Pauline Nedza and is joined as a codefendant with Andro Nedza. Under the second note of issue the defendant is named " Jane " Nedza, the name " Jane " being fictitious, etc. When the case was reached, as the result of the filing of the first note of issue, judgment was entered by default. For the purpose of entering this judgment, the notice of trial served for the April, 1924, term was used. This was clearly improper. The default, however, was opened and the case set for trial by the order opening the default

for the month of April, 1925. In the meantime defendant had been committed to the State Hospital by the County Court of Kings county as an insane person. For this reason the case was marked " off." When, however, the case was reached for trial as the result of the April, 1924, note of issue, in which defendant was named " Jane " Nedza, an inquest was taken and judgment entered for the sum of $2,135.20 on the 27th day of October, 1925. The records of the court show that after the default of January, 1925, as a result of which plaintiff entered a judgment for $1,134.20, the case was restored to the calendar for April sixth, but did not appear on the day calendar until April twentieth, at which time it was marked " off." A new calendar was made for the October, 1925, term and this case was given new number 581, and nothing has since been done with it. The records further show that under the April, 1924, note of issue the case was given number 12364; that a new calendar was made up in October, 1925; that it was given new number 1705; that it appeared on the day calendar for the first time in regular order on October 20, 1925, and continued on October twenty-first and October twenty-second, when it was marked for inquest, which was taken on October 23, 1925. The same notice of trial was used for the entry of this judgment that was used for the entry of the first. The entry of the judgment, under the circumstances disclosed by the record, was not only irregular but constituted legal fraud upon this defendant, and the practice cannot escape the condemnation of this court. The Supreme Court has inherent power to relieve from judgments under the circumstances here disclosed, regardless of the provisions of section 521 of the Civil Practice Act. (*Ladd* v. *Stevenson*, 112 N. Y. 325; *Vanderbilt* v. *Schreyer*, 81 id. 646; *Donnelly* v. *McArdle*, 14 App. Div. 217; *Matter of Cartier* v. *Spooner*, 118 id. 342.)

The order denying defendant's motion to open her default and to vacate and set aside judgment entered on the 27th of October, 1925, should be reversed upon the law and the facts, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

LAZANSKY, P. J., YOUNG, KAPPER, HAGARTY and SEEGER, JJ., concur.

Order denying defendant's motion to open her default and to vacate and set aside judgment entered on the 27th day of October, 1925, reversed upon the law and the facts, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.