Per Curiam:

Order entered December 29, 1975, insofar as appealed from, affirmed, with $10 costs.
The instant proceeding was instituted by Justice Edward Thompson, Deputy City Administrative Judge, Civil Division, Supreme and Civil Courts, pursuant to section 217-a of the Judiciary Law, to vacate several hundred default judgments obtained by appellants against consumers on installment sale contracts in actions commenced in the Civil Court of the City of New York. Section 217-a authorizes an Administrative Judge, in the exercise of his responsibility to insure the orderly administration of justice in the courts within his jurisdiction, to bring a proceeding to set aside default judgments upon a "proper showing” in a "number of instances” that such default judgments "were obtained by fraud, misrepresentation, illegality, unconscionability, lack of due service, violations of law, or other illegalities”.
On petitioner’s motion in the proceeding for disclosure (CPLR 3107) and discovery and inspection (CPLR 3120), appellant opposed, inter alla, on the grounds that section 217-a of the Judiciary Law was unconstitutional and that the Civil Court of the City of New York was disqualified from hearing the proceeding. Special Term deemed the opposing papers to constitute a cross motion to dismiss the petition.
The petition alleges that appellants were without legal capacity to sue as corporations; that they conducted business as sales finance companies without a license in violation of article XI of the Banking Law; that venue was improperly laid in numerous of the actions; and that the installment contracts underlying the default judgments were permeated with fraud. Appellants contend that the statute is invalid insofar as applied to judgments entered prior to its effective date; and that it offends due process by vesting both prosecutorial and judicial powers in the court.
A court rendering a judgment, in its inherent power and control over its own proceedings, may relieve a party from that judgment for sufficient reasons and in the furtherance of justice. "Its power to do so does not depend upon any statute, but is inherent, and it would be quite unfortunate if it did not possess it to the fullest extent” (Ladd v Stevenson, 112 NY 325, 332; Matter of Automatic Chain Co., 134 App Div 863, affd 198 NY 618; Michaud v Loblaws, Inc., 36 AD2d 1013). We agree with Special Term’s thoughtful and well reasoned opin *254 ion that the statute under review is a rational expression of this traditional power.
Fraudulent practice in consumer credit transactions, injurious both to consumers and the general business community, is a matter not of merely private concern, subject to the action or inaction of litigants, but is one of vast public importance. That the defenses alleged in the petition were not raised by defaulting consumers will not estop the court, faced with an arguably pervasive pattern of illegality and fraud, from itself raising these issues in the legitimate exercise of its inalienable power to supervise its own processes (see Matter of Vigilant Protective Systems, 333 F Supp 1029; All-State Credit Corp. v 669 Defendants, 61 Misc 2d 677). The statute being, in essence, declaratory of the common law, there is no impediment to its application to judgments entered prior to its effective date (Sutherland, Statutes and Statutory Construction [4th ed], § 26.07; see, also, Givens, Practice Commentary, McKinney’s Cons Laws of NY, Book 29, Judiciary Law, § 217-a, 1975-1976 Cumulative Annual Pocket Part, pp 79-80).
Moreover, the new section is remedial and procedural in nature. It adds no substantive rights, nor does it impair such rights. It merely provides a new tool for examining and correcting judgments of a court entered under circumstances inconsistent with the orderly administration of that court or with justice. As such, it may constitutionally be utilized to test the validity of judgments entered before its enactment (Matter of Mlodozeniec v Worthington Corp., 9 AD2d 21, affd 8 NY2d 918, cert den 364 US 628; McKinney’s Cons Laws of NY, Book 1, Statutes, §55). Furthermore, courts themselves are not bound by limitations of time imposed on the litigants before them.
With respect to appellants’ contention that the Judges of the Civil Court may not hear the proceeding, we note that the statute carefully provides that the determination of the proceeding is to be "by a judge other than the administrative judge or presiding justice responsible for its initiation” (emphasis added). Thus, petitioner, who commenced the proceeding in his administrative capacity, is removed from any judicial function relative to the action. The Judges of the Civil Court are not parties to the proceeding, and we are not persuaded that they cannot fairly and impartially adjudicate its merits.
*255 Concur — Dudley, P. J., Riccobono and Tierney, JJ.