█ In the Matter of EDWARD THOMPSON, as Deputy City Administrative Judge, Civil Division, Supreme and Civil Courts, Respondent, v LINCOLN BUDGET CORP. et al., Appellants; RUDOLPH KAHN, Individually and Doing Business as LINCOLN BUDGET Co., et al., Respondents, and ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Intervenor.—Order, Supreme Court, Appellate Term, entered November 16, 1976, which unanimously affirmed an order of the Civil Court, New York County, entered December 29, 1975, granting petitioner's motion for discovery in a proceeding brought pursuant to section 217-a of the Judiciary Law for the purpose of vacating certain default judgments entered in the Civil Court, modified, on the law and the facts and in the exercise of discretion, to limit discovery to the period commencing January 1, 1972 and thereafter, and further limiting the inquiry so as to exclude from disclosure in this proceeding an investigation of the circumstances underlying the transactions involved, and otherwise affirmed, without costs and without disbursements. Although the court has the right and the power " 'to open defaults, to set aside or vacate judgments, and to permit pleadings to be served, in furtherance of the ends of justice' " (see *Vanderbilt v Schreyer,* 81 NY 646, 648; *Matter of Hogan v Supreme Ct. of State of N. Y.,* 295 NY 92, 96), this proceeding is pursuant to section 217-a of the Judiciary Law entitled "Vacating default judgments in certain cases", which became effective January 1, 1974. While appellants question the constitutionality of the section, they are prepared to accept it if it is not applied to default judgments entered prior to the effective date of the legislation. We are not persuaded that the statute in question is other than declaratory of the inherent power of the court. (Cf. *Matter of Windsor Park Nursing Home v Hynes,* 42 NY2d 243; *Matter of Sigety v Hynes,* 38 NY2d 260.) However, the investigation which calls for disclosure of matters going back to 1968 is too broad, and so we limit it to January 1, 1972. Further, there is no need to inquire into the underlying transactions, and the inquiry should be limited to procedural matters. Concur—Kupferman, J. P., Evans

and Lane, JJ.; Lupiano, J., dissents, in part, in the following memorandum: I would affirm the order appealed from (order, Supreme Ct, Appellate Term, entered Nov. 16, 1976) for the reasons delineated in the *Per Curiam* at Appellate Term and in the order of the Civil Court, New York County, entered December 29, 1975. The majority of this court have concluded, without advancing any reasons for such conclusion, that the discovery sought by petitioner under the aegis of section 217-a of the Judiciary Law is too broad and must be circumscribed. While upholding the constitutionality of section 217-a of the Judiciary Law, they simply opine that "the investigation which calls for disclosure of matters going back to 1968 is too broad, and so we limit it to January 1, 1972. Further, there is no need to inquire into the underlying transactions, and the inquiry should be limited to procedural matters." Respecting the absence of "need to inquire into the underlying transactions," study of the statute impels the conclusion that it covers "fraud," "illegality" or "unconscionability" in the underlying transaction. The public and salutary benefits sought to be accomplished by the statute mandate a liberal construction consonant with constitutional tenets so that such results may obtain. The ipse dixit that there is no need to inquire into the underlying transactions patently conflicts with and frustrates the clear intendment of the statute. In view of the aforesaid, a reasoned specification of the special circumstances warranting a restrictive and acutely circumscribed limit of the investigation envisioned by the statute must be presented. This the majority fails to do, and I find no basis on this record which requires such arbitrary limitation. Similarly, the restricting of disclosure to procedural matters commencing January 1, 1972 is arbitrary and is advanced without reasoned justification. The statute is effective January 1, 1974, and we all agree that since it is declaratory of the inherent power of the court and remedial in nature, disclosure may not be limited to matters as of its effective date, but may extend to matters prior to its effective date. What is involved is nothing less than the integrity of the court itself and its processes. The proposition that a court can delve into its own records and, upon satisfying the requirements of the statute, move to protect its integrity, without regard to periods of limitation, is self-evident. It is important to note that the statute specifically applies where there is "a proper showing that default judgments were obtained by fraud, misrepresentation, illegality, unconscionability, lack of due service, violations of law, or other illegalities *or* where such default judgments were obtained in cases in which \* \* \* defendants would be uniformly entitled to interpose a defense predicated upon but not limited to the foregoing defenses, and *where such default judgments have been obtained in a number of instances deemed sufficient* by such judge or justice to justify such action as set forth herein" (emphasis supplied). Accordingly, it is clear that the statute is not limited to merely procedural matters and that to limit it by arbitrarily restricting disclosure to two years before its effective date, would place a premium on the proper spacing of heinous conduct. Such result may not be countenanced without reasoned and compelling justification. The power of the court to act in the interest of justice clearly extends to the matters here in issue and mandates affirmance (see *Manahan v Petroleum Producing & Refining Co.,* 198 App Div 192, 195-196). [89 Misc 2d 252.]